**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**
Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 05-88-00249-CV.**

Court of Appeals of Texas,
Dallas.

March 7, 1989.

Rehearing Denied April 13, 1989.

378

Thomas J. Moroney, Jr., Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and WHITTINGTON, JJ.

BAKER, Justice.

American Bankers Insurance Company of Florida seeks to reform bond forfeiture default judgments by way of writ of error under Rule 45 of the Texas Rules of Appellate Procedure. On our own motion we consolidated three separate petitions because they have the same factual circum-

stances and involve the same legal issue.[1] We overrule American's sole point of error and affirm the trial court's judgments.

The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 392 (Tex.1982). The records reflect that the first three criteria have been met in each case, and the question to be decided is whether error is apparent on the face of the records.

In its point of error, American asserts that the trial court erred in rendering final judgment before the time limits specified by article 22.16(c) of the Texas Code of Criminal Procedure. American's contention that the trial court erred focuses on subsection (c)(2) of the amendments to article 22.16 of the Code. That portion of the amendment provides:

(c) A final judgment may be entered against a bond not earlier than:

\* \* \* \* \* \*

(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

TEX.CODE CRIM.PROC.ANN. art. 22.-16(c)(2) (Vernon Supp.1989). The effective date of the amendment is June 20, 1987. All three of these cases involve bonds for felony cases.

Each case was pending at the time the amendment became effective. In two of the cases, judgment nisi had been entered prior to the effective date of the statute. In all three cases, final judgment was entered against the bond less than eighteen months after the forfeiture. American argues that the amendment was applicable to these cases and that the trial court erred in entering judgment contrary to the express terms of the amendment.

However, the threshold issue is whether the statute as amended applies. Prior to

1. See attached Appendix A for a copy of the order of consolidation.

the amendment effective June 20, 1987, article 22.16 provided:

If, before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond if the arrest or appearance is a direct result of money spent or information furnished by the surety or is because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers.

Act of June 8, 1981, ch. 312, § 5, 1981 Tex.Gen.Laws 875, 886, *amended by* Act of June 20, 1987, ch. 1047, § 3, 1987 Tex. Sess.Law Serv. 7056, 7057. The relevant portions of this statute, as amended, provide:

(a) After forfeiture of a bond and before the expiration of the time limits set by Subsection (c) of this article, the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article if:

(1) the principal is incarcerated in the county in which the prosecution is pending;

(2) the principal is incarcerated in another jurisdiction and the incarceration is verified as provided by Subsection (b) of this article;

(3) the principal is released on new bail in the case;

(4) the principal is deceased; or

(5) the case for which bond was given is dismissed.

\* \* \* \* \* \*

(c) A final judgment may be entered against a bond not earlier than:

\* \* \* \* \* \*

(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

TEX.CODE CRIM.PROC.ANN. art. 22.16 (Vernon Supp.1989). Our sister court in Fort Worth has recently interpreted this amendment to article 22.16. *See Keith v.*

*State,* 760 S.W.2d 746 (Tex.App.—Fort Worth 1988, no writ). That court held that the State acquired vested rights at the time it entered into the surety bonds, and a retroactive application of the article as amended would impair the State's vested rights under the bond agreement. The court determined that the amendment is a substantive change in the law and should not be applied retroactively. *See Keith,* 760 S.W.2d at 747. We agree.

Prior to its amendment, the trial court could, in its discretion, remit the whole or part of the bond if the arrest or appearance of the principal was a direct result of money spent or information furnished by the surety or was because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers. Before the amendment, the trial court had discretion to remit the whole or part of the bond amount under certain circumstances. The State could, by persuasion, prevail upon the trial court to limit the return of money to the principal or surety in whole or in part. Under the article as amended, the trial court is mandated to return to the surety the total amount of the bond with only deductions of court costs and reasonable cost for the return of the principal authorized. The amendment constitutes a substantive change which affects the "vested" rights the State had under the bond prior to the amendment. We overrule American's point of error and affirm the trial court's judgments.

APPENDIX A

COURT OF APPEALS

FIFTH DISTRICT OF TEXAS

AT DALLAS

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, APPELLANT,

v.

THE STATE OF TEXAS, APPELLEE.

NO. 05–88–00249–CV

ORDER

On the Court's own motion, cause number 05–88–00271–CV, styled *American*

*Bankers Insurance Company of America v. The State of Texas*, and cause number 05–88–00272–CV, styled *American Bankers Insurance Company of America v. The State of Texas*, are consolidated under this appeal and shall proceed to final disposition under cause number 05–88–00249, styled *American Bankers Insurance Company of America v. The State of Texas.*

January 4, 1989.