**Clyde MARSHALL, Surety, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 2–89–201–CV through 2–89–212–CV.**

Court of Appeals of Texas,
Fort Worth.

Oct. 16, 1990.

Clyde M. Marshall, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Dana M. Womack, Asst. Dist. Atty., Fort Worth, for appellee.

Before FARRIS, DAY and ASHWORTH (Retired), JJ.

## OPINION

DAY, Justice.

This is an appeal from twelve separate bond forfeiture proceedings. The trial court remitted the entire bond amount in each case but deducted statutory costs against the surety from each remitted bond amount.

In this case of first impression, the issue before us is whether the State is authorized to withhold interest from a surety on an appearance bond and calculate this amount from the judgment nisi date until the entry of a final judgment remitting the bond under TEX.CODE CRIM.PROC.ANN. art. 22.16 (Vernon 1989). We hold that, under the particular facts before us, deducting interest calculated in this manner from the remitted bond amount was proper.

Appellant, Marshall, as surety, entered into twelve bail bonds payable to the State of Texas conditioned on the appearance of the defendant-principal in each case. At various times, each of these defendants failed to appear, causing the trial court to declare each bond forfeited. A judgment nisi was subsequently entered in each case against both the defendant and his surety, Marshall. The principal in one case was returned to custody on the day the judgment nisi was entered; the other eleven defendants were reincarcerated anywhere from six days up to eleven months after the judgments nisi were entered. Marshall was served with a citation ordering him to file a written answer to the judgment nisi within twenty days of the service date and show cause why the judgment of forfeiture should not be made final. Marshall eventually filed an answer in each case, and a final judgment remitting each bond was not entered until he filed a "Motion for Remittur" [sic] with the court, which occurred in each case anywhere from 215 days up to 400 days after service of citation. A final judgment was entered in each case approximately one week later that ordered each bond remitted "after deducting the costs of court, any reasonable costs to

the county for the return of the Defendant–Principal, and the interest accrued on the bond amount from the date of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases." The clerk of the court mailed Marshall a cost bill in each of the twelve cases directing him to pay an interest amount calculated from the judgment nisi date up to the entry of the final judgment remitting the bond.

Marshall filed a motion for new trial or to modify, correct or reform judgment in all twelve cases contesting the court clerk's assessment of interest against him. From the trial court's order denying new trial in each of the twelve cases, he appeals. Since each of these cases involve similar facts and common questions of law, they were simultaneously appealed to this court and we have consolidated them on appeal.

In his first point of error, Marshall contends that the trial court erred in assessing "prejudgment interest" against him after granting his motion for remittitur. Alternatively, he asserts in his second point of error that if the final judgments are correctly construed as not awarding "prejudgment interest," the trial court erred in denying his motions for reformation of the judgments or other alternative relief.

TEX.CODE CRIM.PROC.ANN. art. 22.-16 provides, in pertinent part, the following:

(a) After forfeiture of a bond and before the expiration of the time limits set by ... this article, the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by ... this article if:

(1) the principal is incarcerated in the county in which the prosecution is pending;

. . . .

(e) For the purposes of this article, interest accrues on the bond amount from the date of forfeiture in the same manner and at the same rate as provided

for the accrual of pre-judgment interest in civil cases.

*Id.*

Marshall contends that the phrase "bond amount from the date of forfeiture" as used in section (e) above, refers only to that portion of the bond, if any, awarded to the State on final judgment after notice and hearing in a bond forfeiture proceeding. He asserts that articles 22.03, 22.04, 22.125, and 22.14 require service of citation on the surety and a final hearing after notice if the surety files an answer as conditions precedent to forfeiture. Allowing prejudgment interest on a remitted bond amount absent these conditions precedent is, therefore, claimed to be error. Marshall argues that since a judgment nisi is conditional and interlocutory, there is no ascertainable sum due at any time prior to the required final hearing and judgment. Accordingly, assessing any interest on remitted bonds levied against the surety on a bond amount which was never due and payable is both inequitable and punitive.

The State responds that Marshall has misconstrued the plain language of both the trial court's judgment and article 22.16, which provide for "interest," rather than "prejudgment interest," on the bond amount. The State contends that the term "prejudgment interest" as used in article 22.16(e) does not refer to an actual award of "prejudgment interest" in bond forfeiture cases, but instead relates to the manner in which an award of "interest" on the bond amount should be calculated.

We agree.

Article 22.16(e) states:

For the purposes of this article, *interest* accrues on the bond amount from the date of forfeiture *in the same manner and at the same rate as provided for* the accrual of *prejudgment interest* in civil cases.

TEX.CODE CRIM.PROC.ANN. art. 22.-16(e) (Vernon 1989) (emphasis added). The statute clearly provides for interest on the bond amount after forfeiture, rather than prejudgment interest on the judgment.

We are unpersuaded by Marshall's assertion that since a judgment nisi is interlocu-tory, there is no "judgment amount" and thus, no interest can properly be assessed. While we agree that a judgment nisi is interlocutory, Marshall's argument is based on his interpretation of precisely when the "date of forfeiture" occurs in a bond forfeiture proceeding under article 22.16(e). Thus, we must first determine whether forfeiture occurs under article 22.16 when the judgment nisi is entered by the trial court, or whether the "date of forfeiture" can only be the final judgment date, as Marshall suggests.

Bond forfeiture cases are governed by article 22.01, *et seq.*, TEX.CODE CRIM. PROC.ANN. (Vernon 1989). Article 22.01, entitled "Bail forfeited, when" states that if a defendant fails to appear when required by a court, "a forfeiture of his bail and a judicial declaration of such forfeiture shall be taken ..." as provided by article 22.02. This provision clearly authorizes forfeiture whenever a defendant's appearance is required rather than at a later date. Article 22.02, entitled "Manner of taking a forfeiture" provides that "bonds are forfeited in the following manner:" (1) the defendant's name is called at the courthouse door; (2) if the defendant does not appear within a reasonable time after this call, judgment shall be entered allowing the State to recover the amount for which the principal and surety are bound; and (3) this judgment will be final unless good cause is shown why the defendant did not appear. After this judgment is entered, the surety must be issued a citation notifying him that the bond has been forfeited and requiring him to appear and show cause why the judgment of forfeiture should not be made final. TEX.CODE CRIM.PROC.ANN. art. 22.03 (Vernon 1989). When a forfeiture has been declared on a bond, the case is docketed on the civil docket, and the proceedings are treated as a civil suit. TEX. CODE CRIM.PROC.ANN. art. 22.10 (Vernon 1989). The court may then proceed with a trial as required by article 22.14 or the court can exonerate the defendant and surety from liability on the forfeiture, remit this amount, or set aside the forfeiture if one of the specific events enumerated in

article 22.13 occurs. TEX.CODE CRIM. PROC.ANN. art. 22.125 (Vernon 1989). If, in the trial of the issues presented, no sufficient cause is shown for the principal's failure to appear, the judgment shall be made final against the principal and his or her surety for the amount in which they are bound. TEX.CODE CRIM.PROC. ANN. art. 22.14 (Vernon 1989).

Article 22.16 provides that *after forfeiture of a bond* and within nine months after the date of forfeiture for misdemeanors or within eighteen months of the forfeiture date for felonies, the court, on written motion, *shall* remit the bond amount after deducting costs of court, costs to the county for the defendant's return, and the interest accrued on the bond amount if the principal is incarcerated, released on new bail, deceased, or the case is dismissed. TEX.CODE CRIM.PROC.ANN. art. 22.16 (Vernon 1989). The court also has discretionary power to remit all or part of the bond amount after the expiration of the time limits discussed above and before final judgment. TEX.CODE CRIM.PROC.ANN. art. 22.16(d) (Vernon 1989). Court costs, costs to the county for the defendant's return, and the interest accrued on the bond amount from the date of forfeiture are deducted from this amount. TEX. CODE CRIM.PROC.ANN. art. 22.16(d) (Vernon 1989). The amount of interest is determined by using the prejudgment interest rate in civil cases from the date of forfeiture to the final judgment date. TEX.CODE CRIM.PROC.ANN. art. 22.-16(e) (Vernon 1989).

■ A careful reading of TEX.CODE CRIM.PROC.ANN. art. 22.01, *et seq.*, clearly reflects that the "date of forfeiture" occurs on the date a defendant fails to appear and not, as appellant suggests, on the final judgment date. The statutory scheme encourages sureties to dispose of cases as soon as practicable. The facts before us indicate that the trial court acted in accordance with the forfeiture statutes. More importantly, there is no evidence before us to suggest that the trial court abused its discretion in its deduction of

interest from the bond amount remitted under article 22.16(d).

Although we are mindful that the result of our decision will result in Marshall incurring approximately $4,500 in interest owed the State, it is apparent that had he filed his answer or motion for remittitur within the 20–day time limit mandated under article 22.11, the interest amount assessed would have been considerably less, because these cases would have proceeded to final judgment much sooner. Marshall's delay in these cases from 200 to 400 days to file either an answer or a motion for remittitur within the time limits prescribed by statute has resulted in his dilemma. Marshall has not shown his compliance with the statute, nor has he shown that the trial court abused its discretion in assessing interest against him. We have not been cited to, nor can we find any, cases in support of Marshall's position. Accordingly, we overrule his first and second points of error.

■ In his third point of error, Marshall argues that the trial court's assessment of interest against him without benefit of a hearing resulted in a denial of his due process rights. He maintains that article 22.125 mandates a hearing if the surety answers, so that evidence can be presented to ascertain whether a defendant's absence from a setting or docket call was excusable. Appellant's position is that the trial court can grant a motion for remittitur without notice to the surety only if its final order granting remittitur imposes no burden or penalty on the surety.

We disagree.

If a motion for remittitur is filed and granted, no issues remain for determination by the trial court. Article 22.16(a), as discussed above, contains mandatory language ordering the court to remit the entire amount of the bond after deducting costs and interest if the surety files a motion for remittitur stating that one of the five events in article 22.16(a) have occurred. The Dallas Court of Appeals, in explaining the mandatory language of article 22.16, stated:

Prior to its amendment, the trial court could, in its discretion, remit the whole or

part of the bond if the arrest or appearance of the principal was a direct result of money spent or information furnished by the surety or was because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers. Before the amendment, the trial court had discretion to remit the whole or part of the bond amount under certain circumstances. The State could, by persuasion, prevail upon the trial court to limit the return of money to the principal or surety in whole or in part. Under the article, as amended, the trial court is *mandated* to return to the surety the total amount of the bond with only deductions of court costs and reasonable cost for the return of the principal authorized.

*American Bankers Ins. Co. v. State,* 768 S.W.2d 377, 379 (Tex.App.—Dallas 1989, no writ) (emphasis added).

Likewise, Marshall's reliance on article 22.125 for the proposition that a trial is required once an answer is filed is misplaced. An article 22.14 trial never became necessary, because Marshall's motion for remittitur was granted.

Article 22.125 provides the following:

After a judicial declaration of forfeiture is entered, the court may proceed with the trial required by Article 22.14 of this code. The court may exonerate the defendant and his sureties, if any, from liability on the forfeiture, remit the amount of the forfeiture, or set aside the forfeiture only as expressly provided by this chapter.

TEX.CODE CRIM.PROC.ANN. art. 22.125 (Vernon 1989).

Our reading of article 22.125 indicates that the only time a trial is required is in instances where the full amount of the bond is not remitted to a defendant or his surety. After a judicial declaration of forfeiture and entry of judgment nisi, but *before* the trial mandated under article 22.-14, the surety and defendant can be exonerated from liability and remittitur ordered. In the case before us, Marshall filed a motion for remittitur, which was granted.

Once the motion for remittitur was granted, a hearing was no longer statutorily required. We overrule Marshall's third point of error.

■ Marshall complains in his fifth point of error that the trial court incorrectly applied the 1987 amendments of article 22.16 retroactively to bail bonds made before the effective date of such bonds. He argues that two of the twelve bonds were made prior to June 20, 1987, the effective date of the amendment. The Benjamin Leon Heath bond was made on March 31, 1987; the Gerry Don Walker bond was made on July 18, 1986. Such retroactive application of the statute, he maintains, is unlawful.

We agree.

The 1981 version of article 22.16 was in effect when Marshall signed as surety on those bonds. The 1987 version of article 22.16 was in effect when the trial court remitted the bond amount after deducting costs. We have previously held that the bond is a contract between Marshall, as surety, and the State. *Keith v. State,* 760 S.W.2d 746 (Tex.App.—Fort Worth 1988, pet. granted), citing *Cardenas v. State,* 683 S.W.2d 128, 131 (Tex.App.—San Antonio 1984, no pet.). Accordingly, both Marshall and the State acquired vested rights at the time they entered into such contract. *Id.* Retroactive application of article 22.16, therefore, would impair Marshall's vested rights under the bond agreement. Moreover, amended article 22.16 is a substantive change in the law and should not be applied retroactively. *Id. Compare Lubbock Indep. School Dist. v. Bradley,* 579 S.W.2d 78, 80 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). We, therefore, sustain appellant's fifth point of error.

Since we have held that article 22.16 does not mandate prejudgment interest on remitted bonds, we see no need to address Marshall's fourth point of error where he asserts that the deduction of prejudgment interest from a remitted bond amount is unconstitutional under the separation of powers doctrine as a legislative encroach-

ment on the discretion afforded the judiciary by the Texas Constitution.

We remand the Heath and Walker causes of action, numbers 2–89–201–CV and 2–89–211–CV to the trial court for proceedings not inconsistent with this opinion. The judgment of the trial court is affirmed in cause numbers 2–89–202–CV through 2–89–210–CV and 2–89–212–CV.