**Jim SHAW, Surety, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–90–134–CV through 2–90–136–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 27, 1991.

Jim Shaw, Fort Worth, pro se.

Tim Curry, Dist. Atty., and Dana M. Womack, Asst., Fort Worth, for State.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

Jim Shaw, a surety, appeals judgments against him in three separate bond forfeiture proceedings where the principals were Clark, Petersdorf, and Bedford. In each case, the trial court remitted the bond minus statutory costs and interest from the date of forfeiture. In all three cases, Shaw raises these two points of error: (1) that article 22.16 of the Texas Code of Criminal Procedure, by which the court entered judgment against Shaw, violates his constitutionally protected due process rights because it assesses prejudgment interest against him; and (2) that this same article is unconstitutionally vague, ambiguous, and uncertain in that it is in direct conflict with article 2372p–3, section 13(b), of the Texas Revised Civil Statutes. We overrule both points and affirm the trial court's holding that article 22.16 does not violate Shaw's rights because the interest it calls for is not prejudgment interest; and article 22.16 is no longer in conflict with article 2372p–3, section 13(b) because that section has been declared unconstitutional.

For the cases in which the principals were Petersdorf and Bedford, Shaw asserts a third point of error claiming his due process rights were violated because the court charged him interest for a period of time when he had no legal liability on the amount of the bond. We sustain this point because the interest charged by the court violates article 2372p–3, section 13(c), of the Texas Revised Civil Statutes. We therefore reform this decision and hold that Shaw pay interest from the date of judgment nisi until the date on which the underlying case of the principal was disposed, in accordance with the statute.

Shaw acted as surety, executing appearance bonds on Clark, Petersdorf, and Bedford. All three principals failed to appear for court and their bonds were declared forfeited with judgments nisi entered against the principals and Shaw as surety. Citation was properly served and Shaw filed answers to each. Later, he filed three motions for remittitur of bond and final judgment was entered for each remitting bond less statutory costs.

Shaw's first point of error claims that article 22.16, TEX.CODE CRIM.PROC. ANN., violates his constitutionally protected due process rights because it allows the court to assess prejudgment interest against him. We overrule this point based on our decision in *Marshall v. State*, 797 S.W.2d 698 (Tex.App.—Fort Worth 1990, pet. ref'd), where the same point was raised. Bond forfeiture cases are governed by TEX.CODE CRIM.PROC.ANN. art. 22.-01, *et seq.*, (Vernon 1989). Subsection (e) of article 22.16 states: *"interest* accrues . . . from the date of forfeiture *in the same manner* . . . of prejudgment interest in civil cases." *Id.* (emphasis added). It is not prejudgment interest that accrues, it is interest; and the term "prejudgment interest" describes only how that interest is to accrue, i.e., using the prejudgment interest rate in civil cases from the date of forfeiture. TEX.CODE CRIM.PROC.ANN. art. 22.16(e) (Vernon 1989). Although a judgment nisi is interlocutory, the statutes which govern forfeiture make it clear that forfeiture occurs when the defendant fails to appear for trial; even further, the judgment entered against the defendant and the surety will be **final** unless good cause is shown why the defendant did not appear. *See* TEX.CODE CRIM.PROC.ANN. art. 22.03 (Vernon 1989). While a hearing on

good cause is provided for in article 22.125, it is not necessary for the courts to await this hearing before considering the judgment against the principal and surety final, because that hearing may never take place. If the surety files a motion for remittitur, no issues remain to be determined by the trial court and thus the hearing is no longer required. *See* TEX.CODE CRIM.PROC. ANN. art. 22.16(a) (Vernon 1989); *Marshall*, 797 S.W.2d at 701. This poses no detriment to the surety, for if he/she files no motion for remittitur, but rather waits for the trial and shows good cause for the defendant's absence, then the trial court may still remit the entire amount of the bond with only deductions of court costs and reasonable costs for the return of the principal. *See American Bankers Ins. Co. v. State*, 768 S.W.2d 377, 379 (Tex.App.—Dallas 1989, no writ).

We must note the State's argument is that Shaw waived his right to appeal this point because the trial court granted the exact relief he requested. In support of this position, the State cites *Litton Indus. Products, Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex.1984). We agree with the State's argument and find it to be true, but still choose to address Shaw's point.

Shaw's second point of error asserts that subsection (d) of article 22.16 is unconstitutional because it is vague, ambiguous, and uncertain in that it is in direct conflict with TEX.REV.CIV.STAT.ANN. art. 2372p–3, sec. 13(b) (Vernon Supp.1991). This was true; however, article 2372p–3, section 13(b) was declared unconstitutional by the Court of Criminal Appeals in *Williams v. State*, 707 S.W.2d 40 (Tex.Crim.App.1986). The court recognized that the two statutes could not be harmonious and so declared article 2372p–3, section 13(b) unconstitutional. *Williams*, 707 S.W.2d at 47. Article 22.16(d) is now the only remaining law addressing the issue and is in conflict with nothing. Shaw's second point is overruled.

■ Shaw raises the third point of error in only two cases, those where the principals were Petersdorf and Bedford. In these, the underlying case against the principal was disposed of before the court en-

tered the final judgment remitting bond less statutory costs. Shaw argues that the court erred in charging "prejudgment" interest for a period of time when he had no legal liability on the amount of the bond, which was after the disposition of the principal's case. We sustain this point of error based on section 13(c) of article 2372p–3, TEX.REV.CIV.STAT.ANN., which states: "[t]he surety on appearance bonds in criminal cases shall be absolved of liability upon disposition of the case, and disposition as used herein shall mean a dismissal, acquittal, or finding of guilty on the charges made the basis of the bond." *Id.* The transcripts of these two cases include certifications of proceedings which reflect their dispositions; at that point in time, Shaw was absolved from further liability on the bond.

In sustaining this point of error, we do not stray from our decision in *Marshall* that a surety is liable for the bond until the date of final judgment remitting it. Such is true where the underlying case is not disposed of, but that issue was never raised in *Marshall*.

We therefore affirm the decision of the trial court in the case against Shaw as surety for Clark (No. 2–90–135–CV), but reform the judgments for the remaining two cases. For these, Shaw is liable for interest running from the date of judgment nisi only until the case disposition date. Where Shaw served as surety for Petersdorf (No. 2–90–134–CV), that time runs from September 27, 1988 until March 27, 1989; where Bedford was the principal (No. 2–90–136–CV), Shaw is liable for interest running from May 18, 1988 until December 2, 1988.

Judgment is affirmed in part and reformed in part.