ACCEPTED
03-14-00731-CV
5084966
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/29/2015 2:42:24 PM
JEFFREY D. KYLE
CLERK

IN THE
COURT OF APPEALS
THIRD DISTRICT OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/29/2015 2:42:24 PM
JEFFREY D. KYLE
Clerk

NO. 03-14-00731-CV

JUANA MENDEZ VALDEZ
ET VIR JUAN VALDEZ, Appellants

V.

MELODY MUELLER MOERBE, Appellee

## APPELLEE'S REJOINDER TO APPELLANTS' REPLY BRIEF

On Appeal from the 155th District Court of Fayette County, Texas
Trial Court Cause No. 2013V-052

GATES, STEIN, GILLESPIE &
TREFNY
MICHAEL T. TREFNY
TBN 20207650
P. O. Box 458
Columbus, Texas 78934
Telephone: (979) 732-2301
Facsimile: (979) 732-2303
Email: mtrefny@gsgtlawfirm.com

**ATTORNEYS FOR APPELLEE,
MELODY MUELLER MOERBE**

# TABLE OF CONTENTS

**Page(s)**

INDEX OF AUTHORITIES ……………………………………………………… iii

ARGUMENT AND AUTHORITIES ………………………………………… 1

PRAYER ……………………………………………………………….... 5

CERTIFICATE OF COMPLIANCE ……………………………………….... 5

CERTIFICATE OF SERVICE ………………………………………………... 6

# INDEX OF AUTHORITIES

**Cases**

(Tex. App. – El Paso, 2007, pet dism).................................................................................................2

*Falcon v. Ensigna*, 976 S. W. 2d 336, 338 (Tex. App. – Corpus Christi 1998, now pet.)............................2

*Heard v. State*, 146 Tex. 139, 146, 204 S. W. 2d 344, 348 (1947)..................................................1

*Mapco v. Marek*, 797 S. W. 2d 700, 702, 33 Tex. Sup. Ct. J. 303 (Tex. 1990) ............................................2

*Satterwhite v. Rosser*, 61 Tex. 166, at 171, (1884).................................................................1

*Sparkman v. State*, 968 S. W. 2d 373, 377-78 (Tex. App. – Tyler 1997, pet. Ref'd) ...................................2

*Villalon v. Bank One*, 176 S. W. 3d 66 (Tex. App. – Houston [1st Dist.], 2004, pet. denied).......................2

**Rules**

Texas Rules of Civil Procedure 166a(c) ................................................................................3

**Code**

Texas Civil Practice and Remedies Code Section 16.025 and 16.026............................................................3

Texas Civil Practice and Remedies Code Section 16.025 or 16.026 ............................................................1

Texas Property Code Chapter 24.......................................................................................1

Appellee, Melody Mueller Moerbe, files this her Rejoinder to the Reply Brief of Appellants.

## ARGUMENT AND AUTHORITIES

This Rejoinder is intended to address only those arguments and authorities raised in Appellants' Reply Brief. There are three simple points. First, Appellants have wholly failed to point this Court to any case which holds that filing suit in Justice Court to recover possession of real property under the Texas Property Code Chapter 24, commonly called an eviction case, is not sufficient to toll limitations under Texas Civil Practice and Remedies Code Section 16.025 or 16.026. Secondly, Appellants argue that just because the testimony of Appellant Juana Mendez Valdez was full of inconsistencies and outright lies on some issues, she should still be believed on other issues. Third, Appellants urge that lack of exercise of control over the property by Ms. Moerbe somehow lowers Appellants' burden to show that they exercised sufficient use and control over the property to establish the requisite possession and control over the property, to-wit:

"visible, continuous, notorious, distinct, hostile (i.e., adverse), and of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant."

*Satterwhite v. Rosser*, 61 Tex. 166, at 171, (1884). Cited with approval in *Heard v. State*, 146 Tex. 139, 146, 204 S. W. 2d 344, 348 (1947).

Regarding the first point, Appellants have now cited the Court to two cases which really do them no good, and in fact help establish that filing suit in Justice Court is sufficient. In *Padilla v. NCJ Dev., Inc.* 218 S. W. 3d 811 (Tex. App. – El Paso, 2007, pet dism), the Eighth District Court of Appeals clearly held that "Specific evidence of a title dispute is required to raise an issue of a justice court's jurisdiction." Id. at 815. HN 4. Citing with approval, *Falcon v. Ensigna*, 976 S. W. 2d 336, 338 (Tex. App. – Corpus Christi 1998, now pet.) and *Sparkman v. State*, 968 S. W. 2d 373, 377-78 (Tex. App. – Tyler 1997, pet. Ref'd). In this case, no issue of title was raised in the Justice Court and the Justice Court suit was a suit to recover real property tolling limitation. The tolling of limitations never ceased as the suit in District Court below was filed while the appeal to the County Court was pending. The second case, *Villalon v. Bank One*, 176 S. W. 3d 66 (Tex. App. – Houston [1st Dist.], 2004, pet. denied), merely recites that "A judgment is void only when it is apparent that the court rendering the judgement had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." Id. at 69. Citing *Mapco v. Marek*, 797 S. W. 2d 700, 702, 33 Tex. Sup. Ct. J. 303 (Tex. 1990). Under *Villalon* and *Mapco*, the Justice Court had jurisdiction until an issue of title was raised, which it was not until after the appeal to County Court. The filing of the suit clearly was a suit to recover property, if just possession, which tolled limitations under Texas

2

Civil Practice and Remedies Code Section 16.025 and 16.026.  Appellants have yet to cite any case to the contrary.

On the issue of credibility of Appellant Juana Mendez Valdez, Appellants' only witness on their possession and use of the property, Appellants are now admitting that she testified falsely, but offer the excuse that such testimony was not relevant and that her testimony was clear, direct and positive when it counted.  See Reply Brief at Page 3, Paragraph 2.  However, the standard which Appellants must prove is that her testimony, where there is no opposing evidence, also is:

"clear, direct, and positive and otherwise credible and free from contradiction and inconsistencies and could have readily been controverted."

Texas Rules of Civil Procedure 166a(c).  What Mrs. Valdez heard from Ms. Gordon or did with the property early on could not be "readily controverted."  Ms. Gordon is dead.  Mr. and Mrs. Valdez are admittedly the only people who were paying attention to the use of the property in 2000.  However, Mrs. Valdez' evidence is not clear and there is a lot of testimony tending to discredit or impeach such testimony.  Mrs. Valdez repeatedly contradicted her testimony given in direct and upon cross, and on extremely material issues such as what use she made of the property.  In direct she said she and her husband cleared the land when they purchased it.  Under cross examination, she admitted that the brush was thick and they only cleared enough to get the trailers in as they built them.  The evidence of

the contradictions and lies by Mrs. Valdez was overwhelming. See Appellee's Brief Pages 9-15 which detail many of the most clearly established lies.

Notwithstanding Mrs. Valdez' various testimony, she clearly admitted that the Seeberger tract was all grown up in brush and they did not clear it right away. (RR Vol. 3, P. 29, LL 24-P. 30, LL 10) Appellants did not clear the entire property when they first took possession in 2000, but rather only cleared a little area for the first trailer in 2000 (RR Vol. 3, P. 32, LL 10-21), which is situated very close to the edge of the Seeberger tract along an area of unknown ownership, and only partially on the Seeberger tract. (RR Vol. 3, P. 65, LL 5-14) As such, even if all of her other testimony was credible, by her own admissions adequate evidence exists to support the jury's finding that Appellants' possession was not so "visible, continuous, notorious, distinct, hostile (i.e., adverse), and of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." It is on this issue the jury properly considered not only the lack of credibility of Mrs. Valdez, but also the self-defeating testimony of her limited use.

Without the benefit of the presumption of use of the entire tract, which is allowed under Texas Civil Practice and Remedies Code 16.025, Appellants had the burden under the ten (10) year statute, Texas Civil Practice and Remedies Code 16.026, of establishing that their use to the above standard applied not only to some corner, but to the entirety of the tract. Mrs. Valdez' own testimony shows

4

that Appellants did not do so, and would compel such a finding even if the jury had not so found.

## PRAYER

Appellee, Melody Mueller Moerbe, prays that for the foregoing reasons, Appellants' appeal should be in all things denied.

Respectfully submitted,

**GATES, STEIN, GILLESPIE & TREFNY**

By    /s/    Michael T. Trefny    
MICHAEL T. TREFNY
SBN 20207650
P. O. Box 458
Columbus, Texas 78934
Telephone: (979) 732-2301
Facsimile: (979) 732-2303
Email: mtrefny@gsgtlawfirm.com

**ATTORNEYS FOR APPELLEE, MELODY MUELLER MOERBE**

## CERTIFICATE OF COMPLIANCE

Pursuant to TEXAS RULES OF APPELLATE PROCEDURE 9.4(i)(3), I hereby certify that Appellee's Rejoinder to Appellants' Reply Brief contains 1,071 words, as computed by the word processing program Microsoft Word, commencing with the Argument and Authorities and, except for footnotes, is in Times New Roman font text, 14-point typeface.

    /s/    Michael T. Trefny    
MICHAEL T. TREFNY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on Appellants, pursuant to the TEXAS RULES OF APPELLATE PROCEDURE on this 29th day of April, 2015, as follows:

E-filing through Pro-Doc, on OF JONES III, at ofjones360@gmail.com.

/s/  Michael T. Trefny  

MICHAEL T. TREFNY
