**FED–MART OF TEXAS, INC., Appellant,**

v.

**Robert S. CALVERT, Comptroller of Public Accounts, State of Texas, Appellee.**

**No. 11885.**

Court of Civil Appeals of Texas, Austin.

Nov. 24, 1971.

Flahive & Ogden, T. P. Flahive, Austin, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace and Camm Lary, Asst. Attys. Gen., Austin, for appellee.

SHANNON, Justice.

This is a tax refund suit filed by appellant, Fed-Mart of Texas, Inc. in Travis County to recover $10,993.76 paid under protest by appellant to appellee, Robert S. Calvert, Comptroller of Public Accounts. Upon trial to the court, judgment was entered that appellant take nothing. We affirm that judgment.

The sum in controversy represents a penalty assessed against appellant for the late filing of the quarterly sales tax return. According to Article 20.05, Title 122A, Taxation-General, Vernon's Civil Statutes, the law then controlling, the return should have been filed on January 31, 1965, but appellant mailed the return on February 1, 1965. January 31 was Sunday, and February 1 was the following Monday.

In 1967, the Legislature enacted Article 1.13 of Title 122A, Taxation-General, Vernon's Civil Statutes, which provides the Comptroller a measure of discretion theretofore unavailable.

Those sections of Article 1.13 applicable here follow:

"Section (b) The postmark or receipt mark (if received by a common or contract carrier) will be prima facie evidence of the date that such report was deposited with the post office or the carrier. The person making the report or the Comptroller may show by competent evidence that the actual date of posting was to the contrary."

"Section (e) If the due date falls on a Saturday, Sunday, or legal holiday, the next business day thereafter will be considered to be the due date."

"Section (g) The Comptroller is hereby authorized to refund or issue credits for penalties and interest paid *solely* as a result of returns timely mailed but postmarked after the required filing date; provided, however, that no refund or credit shall be allowed for such penalties incurred prior to September 1, 1961 . ." (Emphasis added)

Appellant claims that the retroactive effect of section (g) applies to section (e) so that its mailing on February 1, 1965 entitles it to a return of the penalty.

■ Statutes are held to operate prospectively, unless a contrary construction is required by the plain and unequivocal language used. Piedmont and Arlington Life Insurance Co. v. Ray, 50 Tex. 511 (1878); Government Personnel Mutual Life Insurance Company v. Wear, 151 Tex. 454, 251 S.W.2d 525 (1952). Section (g) limits its application solely to that situation wherein a taxpayer timely mails his report, but for some reason the post office incorrectly postmarks that report. Had the Legislature intended that section (e) be retroactive, it would have said so.

The judgment of the trial court is affirmed.