**Sandra KEITH, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–036–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 27, 1988.

Rehearing Denied Dec. 8, 1988.

G.P. Monks, Dallas, for appellant.

Dana M. Womack, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from a final judgment ordering a bond forfeited to the State. Appellant has perfected this appeal from the final judgment.

We affirm.

On August 27, 1986, Donald Scott Robertson entered into an $8,000 bail bond for the crime of attempted sexual assault. Appellant, Sandra Keith, signed the bond as surety. On March 30, 1987, Robertson failed to appear for trial, and on May 4, the trial court declared the bond forfeited to the State and entered a judgment nisi. The State obtained service of citation on Keith and notified Robertson by mail. Neither Keith nor Robertson filed an answer. The trial court entered a default judgment on October 26, 1987. The trial court denied Keith's motion for new trial and Keith filed her writ of error.

In her sole point of error, Keith contends the trial court erred in rendering a final judgment because Texas Code of Criminal Procedure Annotated article 22.16 (Vernon Supp.1988), provides final judgment may not be entered until eighteen months after the bond is forfeited.

Effective August 31, 1981, article 22.16 provided as follows:

If, before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond if the arrest or appearance is a direct result of money spent or information furnished by the surety or is because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers.

TEX.CODE CRIM.PROC.ANN. art. 22.16 (Vernon Supp.1987). Effective June 20, 1987, article 22.16 was amended to include a requirement that: "[a] final judgment may be entered against a bond not earlier than ... 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony." Statutes operate prospectively unless plain and unequivocal language in the statute requires another construction. *Fed–Mart of Texas, Inc. v. Calvert,* 474 S.W.2d 297, 298 (Tex.Civ.App.—Austin 1971, no writ). The Texas Constitution provides the legislature may not make a retroactive law or law impairing the obligation of contracts. TEX. CONST. art. I, sec. 16. The interpretive commentary to article I, section 16 explains that a retroactive law "takes away or impairs vested rights acquired under existing laws" and any act which changes or modifies the obligation required by a contract impairs that contract. TEX. CONST. art. I, sec. 16, interp. commentary (Vernon 1984).

The 1981 version of article 22.16 was in effect when Keith signed as surety on the bond and when the trial court declared the bond forfeited. Keith contends the 1988 version of article 22.16 should apply, but has not advanced any rationale for retroactive application. The bond is a contract between Keith, as surety, and the State. *Cardenas v. State,* 683 S.W.2d 128, 131 (Tex.App.—San Antonio 1984, no writ). State acquired vested rights at the time it entered into the contract. *Id.* Therefore, retroactive application of article 22.16 would impair the State's vested rights under the bond agreement. Further, article 22.16 is a substantive change in the law and should not be applied retroactively. *Compare Lubbock Indep. School Dist. v. Bradley,* 579 S.W.2d 78, 80 (Tex.Civ.App.—

Amarillo 1979, writ ref'd n.r.e.). Accordingly, Keith's point of error is overruled.