Martin MORIN, et al, Appellants,

v.

The STATE of Texas, Appellee.

No. B14-88-516-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 13, 1989.

Harold Klein, Houston, for appellants.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Judgment for $5,000 was entered against appellants on a bond that was forfeited on March 12, 1987. We affirm.

Eunice Benton was surety on a bail bond for Martin Morin. The bond was forfeited because Mr. Morin failed to appear in court. On March 4, 1988, the judgment against Martin Morin, as principal, and Eunice Benton, as surety, was entered.

■ The threshold question is whether article 22.16 of the Tex.Code Crim.Proc. Ann. (Vernon 1988) is to apply retroactively to the date the bond was initially forfeited. Article 22.16 provides, in part, as follows:

(c) A final judgment can be entered against a bond not earlier than:

(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

This portion of the article was adopted and became effective on June 20, 1987, approximately three and one half months after the bond had been forfeited. Appellant is seeking to have this change in the statute applied retroactively.

Statutes are applied under the direction of section 311.022 of the Texas Government Code (Vernon 1987) which states as follows:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

A bond is a contract between the surety and the State. *Keith v. State*, 760 S.W.2d 746 (Tex.App.—Fort Worth 1988, pet. pending); *Cardenas v. State*, 683 S.W.2d 128 (Tex.App.—San Antonio 1984, no writ). The Texas Constitution provides that the legislature may not make a retroactive law or a law impairing obligations undertaken in contracts. Tex.Const. art. I, § 16. It is well settled that statutes are not to be applied retrospectively unless the language of the statute makes it clear the legislature intended to make it applicable both retrospectively and prospectively. *Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Co.*, 563 S.W.2d 916 (Tex.1978).

In *Cardenas, supra*, a similar question was presented. The legislature revised the remittitur law in bond forfeiture cases when the principal had been rearrested. The court held that the State has a vested contractual right once the bail bond contract was executed and that this contractual right includes the relevant law in force at the time the contract was made. Since the amended remittitur law was adopted

after the bond had been forfeited, it would have impaired the contractual obligation between the State and the surety had it been applied retroactively. As a result, the court found the provision could not only be applied retroactively in accordance with TEX.CONST. art. I, § 16.

Appellant claims that the change to article 22.16 is merely a procedural change, rather than substantive, and should be applied retroactively. In *Keith, supra,* the court found that these same changes to article 22.16 were substantive changes and, therefore, not to be applied retroactively. In *Lubbock Ind. School Dist. v. Bradley,* 579 S.W.2d 78 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.), the court defined substantive law as follows:

> "Substantive law includes those rules and principals which fix and clear the primary rights of individuals as respects to their person and their property, and generally the remedy available in the case of the invasion of those rights."

The changes to article 22.16 not only affect the rights of the State with respect to their property interest in the bond but also invade their contractual right to an available remedy by delaying the time in which they can collect on the bond. Consequently, the amendments made to article 22.16 must be regarded as substantive changes and cannot be applied retroactively.

There is no language contained in article 22.16 which indicates the legislature's intent to apply this statute retroactively. Had there been, it would probably be in violation of TEX.CONST. art. I, § 16.

The judgment is affirmed.