**Martin MORIN, et al., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 843–89.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 19, 1990.

Harold Klein, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Thomas McCoppin, III, Asst. Dist. Atty.,

---

Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was released on a bail bond conditioned on his appearance in district court. After he failed to appeal, his bond was forfeited and judgment entered against appellant and his surety. Appellant contended on appeal that Article 22.16, V.A.C.C.P., required a waiting period of 18 months before a final judgment could be entered, thus the judgment was premature. The Court of Appeals affirmed. *Morin, et al. v. State*, 770 S.W.2d 599 (Tex.App.–Houston [14th] 1989). We granted appellant's petition to decide three grounds: whether the entry of judgment before 18 months had elapsed was error; whether the 1987 amendment to Article 22.16 was procedural or substantive; and whether the Legislature may relinquish rights held by the State.

We now find this petition was improvidently granted. We have reviewed the grounds raised and determine that the Court of Appeals reached the correct result and that to address these issues would not contribute to the jurisprudence of this State. Tex.R.App.Proc. 200(c). See also, *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Cr.App.1990).

Therefore, appellant's petition is ordered dismissed.

TEAGUE, J., dissents.