G.P. (Pat) Monks, Monks, Monks & Monks, Houston, for appellant.

Jimmie McCullough, County and Dist. Atty., Dale E. Freeman, Asst. County and Dist. Atty., Franklin, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

**Vernon P. LYLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–076–CV.**

Court of Appeals of Texas, Waco.

June 13, 1991.

Rehearing Denied Aug. 15, 1991.

This is an appeal in a bail bond forfeiture case. Vernon Lyles was a surety on a $1,500 bond for Thomas Earl Marks, the principal, who was charged with a misdemeanor property offense. Marks failed to appear in County Court on December 7, 1989, and judgment *nisi* was entered. On December 16, Marks was re-arrested and placed in the Robertson County jail. On February 7, 1990, final judgment was entered. Lyles filed a timely motion to vacate or modify the judgment, alleging his right to a remittitur because Marks was in custody on February 7. The ultimate issue is whether the court should have granted a remittitur of the bond. We will reverse and remand with instructions.

Appellant asserts in point one that the court erred in entering a final judgment prior to the nine-month delay provision in article 22.16(c)(1) of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 22.16(c)(1) (Vernon 1989). Because *State v. Matyastik* recently held that article 22.16(c)(1) is unconstitutional as a viola-

tion of the separation of powers provision in the Texas Constitution, we overrule point one.[1]  *See State v. Matyastik*, 811 S.W.2d 102, 104 (Tex.Crim.App.1991).

■ Points three, four, five and six concern remittitur of the amount of the bond, pre-judgment and post-judgment interest. Article 22.16(a)(1) provides:

> (a) After forfeiture of a bond *and before the expiration of the time limits set by Subsection (c) of this article,* the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article if:
>
> (1) the principal is incarcerated in the county in which the prosecution is pending; ....

Tex.Code Crim.Proc.Ann. art. 22.16(a)(1) (Vernon 1989) (emphasis added).  In *Matyastik*, the Court also held that the italicized portion of art. 22.16(a), which utilizes the time limitations of subsection (c) before entering final judgment, to be unconstitutional.  *See Matyastik*, 811 S.W.2d 104. The Court ruled that "remittitur now may be done anytime between forfeiture and entry of a final judgment." *Id.* Here, the principal was returned to custody on December 16, 1989, before final judgment was entered February 7, 1990.  The Court still had jurisdiction over its judgment at the April 5 hearing on Lyles' motion to vacate or modify the judgment, and upon being made aware that Marks had been in custody since December 16, was required to order a remittitur in accordance with the mandatory provision of article 22.16(a). *See* Tex.Code Crim.Proc. art. 22.16(a) (Vernon 1989).

The legislature has considered the overcrowded condition of most jails and the state penitentiary, and determined it to be the public policy to allow a remittitur of an appearance bond when the principal is returned to custody prior to final judgment. In making its determination, the legislature has recognized that jail and penitentiary space is critical in Texas and that the bail bond industry provides a useful service by assuming the risk of a defendant's timely appearance in court.  When a defendant is released on a bail bond, the potential liabilities that cities and counties assume while housing persons accused of crime are eliminated as well as the financial burden for housing each prisoner.  In addition, critical jail space is made available for more serious offenders.

Here, we are presented with a principal who was charged with a misdemeanor property offense, theft by check.  The State is insisting upon payment of the entire penalty of the bond, $1,500, in addition to pre-judgment and post-judgment interest and attorney fees—all when the defendant was returned to custody only nine days after he failed to appear and long before final judgment was entered.  We find that the court should have vacated or modified its February 7, 1990, judgment and granted remittitur in accordance with art. 22.16(a). *Id.*  We believe that this is true even though Lyles *presented* his request for remittitur after final judgment because (1) his response to the motion for summary judgment made such a request and (2) at the time final judgment was entered he could have relied on the nine-month-delay provision of article 22.16(c)(1) which was declared to be unconstitutional at a later date.  We sustain points of error three, four, five and six.

■ In point two, Appellant complains that attorney fees are not authorized by law.  We agree.  *See Blue v. State*, 170 Tex.Crim. 449, 341 S.W.2d 917 (1960); *Pitts v. State*, 736 S.W.2d 191 (Tex.App.—Waco 1987, no writ).  The State contends that the bail bond should be decided under the law of contracts and that attorney's fees are proper.  In *Bailout Bonding Co.* the Court stated that bond forfeiture cases are criminal in nature and that the rules of civil procedure apply, but not the rules of substantive civil law.  *See Bailout Bonding Co. v. State*, 797 S.W.2d 275, 277 (Tex. App.—Dallas 1990, pet. ref'd).  Further,

---

1. Tex.Const. art. II, § 1.

the Court held that a judgment on a bond is not in the nature of a violation of contract. *Id.* Accordingly, we sustain point two.

We reverse and remand with instructions that the court modify the judgment to remit the bond to the surety after deduction of only those items authorized by article 22.16(a).