**Ronald Lynn NASH, et al., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–90–1106–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 1991.

Rehearing Denied July 11, 1991.

Kenneth Shepardson, Richard E. Gray, III, Roger Moore, Austin, for appellant.

Kathleen Braddock, Atty. Ad Litem Thomas R. Conner, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

A partial forfeiture was ordered of a bail bond of $150,000 with appellant Nash, as principal, and appellants Blackwood and Davis, as surety. The trial court determined that all appellants were jointly and severally liable for $110,645. A remittitur of $39,355 was thus granted by implication, plus all court costs, the reasonable cost of returning the criminal defendant to Harris County and pre-judgment interest. Appellant Blackwood brings one point of error. The trial court is affirmed.

The State charged Nash with the felony offense of manufacture of a controlled substance. He posted an appearance bond of $150,000. Blackwood and Davis signed this bond as sureties, and Nash was released from custody. Nash failed to appear at the arraignment hearing on August 11, 1987. An interlocutory judgment of forfeiture was entered on August 12. That same day Blackwood filed his original answer, and later sought a remittitur. Nash and Davis never answered.

Since the date on which he failed to appear at the arraignment hearing, Nash has never been incarcerated in Harris County.

However, he was later arrested in Philadelphia, Pennsylvania on or about February 1, 1989. Harris County placed a detainer with the Pennsylvania authorities on February 3rd, but on May 2, Nash was released from custody in Pennsylvania because a Governor's warrant from Texas had not been issued. A final judgment was later signed on August 17, 1990.

Appellant's sole point of error is that the trial court erred in failing to remit the entire amount of the bond under article 22.16(a) of the Texas Code of Criminal Procedure which reads in part as follows:

(a) After forfeiture of a bond and before the expiration of the time limits set by subsection (c) of this article, the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reasonable cost to the county for the return of the principal, and the interest accrued on the bond amount ... if:

1) the principal is incarcerated in the county in which the prosecution is pending;
2) the principal is incarcerated in another jurisdiction and the incarceration is verified ...;

\* \* \* \* \* \*

(c) A final judgment may be entered against a bond not earlier than:

1) nine months after the date the forfeiture was entered, if the offense for which the bond was given is a misdemeanor; or
2) eighteen months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

(d) After the expiration of the time limits set by subsection (c) of this article, and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount....

\* \* \* \* \* \*

The Texas Court of Criminal Appeals held that the requirement of an eighteen month time limitation prior to entering a final judgment unduly interfered with the judiciary's exercise of its constitutionally assigned powers and was invalid under Article 2, Section 1 of the Texas Constitution. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Crim.App.1990). Appellant contends that since Article 22.16(c)(2) has been declared invalid, Article 22.16(a) should be read without any reference to time limits and the remittitur should be mandatory at any time prior to the entry of a final judgment, if the surety files a written motion for remittitur and can prove to the court compliance with one of the five conditions set forth in subsection (a).

The primary question presented to this Court is the constitutionality of subsection (a) of article 22.16, which is based on the time limitations of subsection (c) already held unconstitutional. This court holds subsection (a) to be void and unconstitutional in compliance with the holding of *Matyastik v. State*, 811 S.W.2d 102 (Tex. Crim.App.1991).

*Matyastik* stated the general rule that the unconstitutionality of a portion of a statute does not void the remainder of the statute under the Code Construction Act, TEX.GOV'T CODE ANN. § 311.032(c). 811 S.W.2d at 104 No. 632–90, citing *Ex parte Jones*, 803 S.W.2d 712, 714 (Tex.Crim.App. 1991); *see Delmore v. State*, 488 S.W.2d 808, 811 (Tex.Crim.App.1973); *see also Meshell v. State*, 739 S.W.2d 246 (Tex.Crim. App.1987).

Texas Court of Criminal Appeals then reasoned:

> [S]ubsection (a) is contingent upon the time limitations established in subsection (c), and *thus has no effect* without the invalid provisions. Recently we stated in *Ex parte Jones* that "... should part of the bill be held invalid ... 'the remainder of the statute must be sustained if it is complete in itself and capable of being executed in accordance with the intent wholly independent of that which has been rejected.'" 803 S.W.2d at 714, quoting *Tussey v. State*, 494 S.W.2d 866, 870 (Tex.Crim.App.1973). Because sub-

section (a) cannot be executed or have any effect without utilizing the provision of subsection (c), *we hold that the portion of Art. 22.16(a), utilizing subsection (c) is invalid under Article 2, § 1 of the Texas Constitution.* Thus, remittitur now may be done anytime between forfeiture and entry of a final judgment. *Matyastik*, 811 S.W.2d at 104–105 (emphasis added).

Remittitur is now at the discretion of the trial court at any time between forfeiture and entry of the final judgment under TEX. CODE CRIM.PROC.ANN. art. 22.16(d). Since *Matyastik* held subsection (a) unconstitutional, it is void from its inception and cannot provide the basis of any relief. *Lapasnick v. State*, 784 S.W.2d 366, 368 (Tex. Crim.App.1990). Appellant cannot rely on subsection (a) because it was never valid. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.