**STATE of Texas, Appellant,**

v.

**Bob MATYASTIK, et al., Appellees.**

**No. 632–90.**

Court of Criminal Appeals of Texas, En Banc.

May 8, 1991.

Rehearing Overruled July 3, 1991.

Jimmie McCullough, Dist. Atty., and Dale Freeman, Asst. Dist. Atty., Franklin, for appellant.

Jane Matyastik Vorwerk, Taylor, for appellees.

Bob Matyastik, pro se.

Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

MILLER, Judge.

This is a criminal bail bond forfeiture case. The State petitioned this Court for review on four grounds, two of which we granted, to-wit: 1) to determine whether the court of appeals erred in finding Art. 22.16, V.A.C.C.P., constitutional; and 2) to determine whether the court of appeals erred in affirming the trial court's remittitur of a final judgment without a bill of review or proper appellate procedure. Because we find Art. 22.16(a) and (c)(1), V.A.C.C.P., unconstitutional we will reverse the court of appeals.

Herbert Clifton Sheeley, charged with the misdemeanor of violation of probation on an original charge of driving while in-

toxicated, failed to appear for trial on January 22, 1988. The trial court then rendered a judgment nisi for $2,500, the bond amount, against the principal, Herbert Sheeley, and Bob Matyastik and Dolores Sheeley, sureties. On June 27, 1988, appellees filed a motion for remittitur pursuant to Art. 22.16, V.A.C.C.P., alleging that the principal, Herbert Sheeley, had died on May 23, 1988, citing Art. 22.16(a)(4). Additionally, appellant requested remittitur based on the fact that the offense was a misdemeanor and less than nine months had passed since the bond forfeiture. Art. 22.16(c)(1). The trial court ordered remittitur on June 27, 1988. The State petitioned the trial court to vacate the order, which was denied.

The State appealed the order of remittitur to the Tenth Court of Appeals raising sixteen points of error.[1] The court of appeals overruled all sixteen points and affirmed the judgment of the trial court in an unpublished opinion. *State v. Matyastik, et al.*, (Tex.App.—Waco, No. 10–88–162–CV, delivered January 25, 1990). The critical question raised in the court of appeals and in this Court is the constitutionality of Art. 22.16, V.A.C.C.P. Specifically, two sections of the statute are in issue. Art. 22.16(a) provides in pertinent part:

(a) After forfeiture of a bond and before the expiration of the time limits set by Subsection (c) of this article, the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article if:

. . . . .

(4) the principal is deceased; ...

Art. 22.16(c) provides:

(c) A final judgment may be entered against a bond not earlier than:

(1) nine months after the date the forfeiture was entered, if the offense for which the bond was given is a misdemeanor; or

(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

■ The court of appeals found Art. 22.16 constitutional in its entirety. This Court, however, has since found Art. 22.16(c)(2) unconstitutional as a violation of the separation of powers provision of the Texas Constitution. TEX. CONST. art. 2, § 1.[2] See *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Cr.App.1990).

In *Armadillo Bail Bonds* this Court held that the statute prohibiting entry of a final judgment in a bail bond forfeiture felony case until 18 months after entry of forfeiture [Art. 22.16(c)(2)] unduly interfered with the judiciary's effective exercise of its constitutionally assigned power to enter final judgments.[3] See TEX. CONST. art. 5, § 1 (judicial power constitutionally vested in certain courts). This Court has envisioned such power to include *inter alia* the entry of a final judgment on the facts and the law and the execution of a final judg-

---

1. Points one and two asserted that the trial court erred in granting the remittitur order on June 27 because the trial court lacked jurisdiction, the judgment having become final on June 20. Points three through six alleged insufficient evidence of the death of the principal on the bond. Points seven through fourteen alleged that Art. 22.16, V.A.C.C.P., was unconstitutional as a violation of the separation of powers. Points fifteen and sixteen asserted trial court error in not giving credence to the State's claim for recovery on a contract theory if the remittitur question was resolved in appellant's favor.

2. Article 2, § 1 of the Texas Constitution provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

3. The court of appeals in *Armadillo Bail Bonds* noted that "nothing prevents the legislature from imposing an *interminable* delay in obtaining final judgment." *Armadillo Bail Bonds v. State*, 772 S.W.2d 193, 197 (Tex.App.—Dallas 1989) (emphasis supplied). See *Armadillo Bail Bonds*, 802 S.W.2d at 239.

ment or sentence. *Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Cr.App.1984) and cases cited therein. We reaffirmed this concept in *Armadillo Bail Bonds,* 802 S.W.2d at 240. In analyzing the statutory interference with the judiciary's "core power" [to enter final judgments], the Court reasoned "... if Article 22.16(c)(2) is valid, then the Legislature has the power to render the Judiciary impotent with respect to the entry of final judgments." *Id.* at 241.

As this Court noted, the separation of powers provision may be violated when one branch exercises power that is more appropriately connected with another branch or when one branch unduly interferes with another to the extent that the other branch cannot effectively exercise its constitutional powers. See *Armadillo Bail Bonds,* 802 S.W.2d at 239 and cases cited therein. Article 22.16(c)(2) restrained the court from entering a final judgment in that case, a felony, for at least a period of 18 months, thereby interfering with the judiciary's "core power" of entering a final judgment. Thus, the Court held the statute unconstitutional because it violated the separation of powers provision of the State Constitution in that the statute allowed the legislature to usurp a judicial function. *Id.*

The case *sub judice* deals with a misdemeanor and thus activates section (c)(1) of the statute, which prohibits the court from entering a final judgment in such a case for a nine month time period. Comparatively, *Armadillo Bail Bonds* was a felony case with an 18–month time restriction, while the case at bar involves a misdemeanor with a nine-month time limit. We find the reasoning with regard to section (c)(2) in *Armadillo Bail Bonds* applicable to the situation in the case at bar with regard to section (c)(1), since both sections concern a legislatively imposed statutory restraint on a trial court's ability to utilize its power to

enter final judgments. We thus extend the *Armadillo Bail Bonds* ruling to apply in misdemeanor cases, and therefore hold Art. 22.16(c)(1), V.A.C.C.P., unconstitutional.

■ Having determined that Art. 22.-16(c)(1) and (2) unduly interfere with the court's exercise of the judicial function, we now examine whether the same is true of Art. 22.16(a), which provides in pertinent part: (a) After forfeiture of a bond *and before the expiration of the time limits set by Subsection (c) of this article, the court shall* ... (emphasis added). It is well settled that if one part of a statute is held unconstitutional, the remainder of the statute continues to be valid. Tex.Gov't Code Ann. § 311.032(c).[4] *Ex parte Jones,* 803 S.W.2d 712 (Tex.Cr.App.1991) (invalidity of part of a statute does not necessarily destroy the whole act). See also *Meshell v. State,* 739 S.W.2d 246 (Tex.Cr.App.1987) (separation of powers case discussing severability of statutes). We note that subsection (a) is contingent upon the time limitations established in subsection (c), and thus has no effect without the invalid provisions. Recently we stated in *Jones* that "... should part of the bill be held invalid ... 'the remainder of the statute must be sustained if it is complete in itself and capable of being executed in accordance with the intent wholly independent of that which has been rejected.'" *Id.,* at 714, quoting *Tussey v. State,* 494 S.W.2d 866, 870 (Tex. Cr.App.1973). Because subsection (a) cannot be executed or have any effect without utilizing the provisions of subsection (c), we hold that the portion of Art. 22.16(a), V.A.C.C.P., utilizing subsection (c) is invalid under Article 2, § 1 of the Texas Constitution.[5] Thus, remittitur now may be done anytime between forfeiture and entry of a final judgment. The State's first ground for review is sustained.

**4.** Section 311.032(c) of the Code Construction Act reads as follows:

(c) In a statute that does not contain a provision for severability or nonseverability, if any provision of the statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute that can be given

effect without the invalid provision or application, and to this end the provisions of the statute are severable.

**5.** Although I dissented in *Armadillo Bail Bonds,* I strongly adhere to the doctrine of "stare decisis," which leads to the ruling in the instant case.

Having decided the constitutional issue in the case at bar, we need not address the State's second ground for review. The judgment of the court of appeals is reversed and the remittitur order of the trial court is vacated.

CAMPBELL, J., not participating.