Eddie DEES, d/b/a Fast Action Bonding, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–00572–CV.

Court of Appeals of Texas, Dallas.

Dec. 23, 1991.

Rehearing Denied Jan. 30, 1992.

Carolyn Findley Price, Arlington, for appellant.

Sylvia L. Blake, Dallas, for appellee.

Before ROWE [1], THOMAS and MALONEY, JJ.

## OPINION

MALONEY, Justice.

This is a bail bond case. Eddie Dees appeals from a judgment rendered for the State. In a single point of error, Dees contends that the trial court erred in awarding the State ten percent of the bond amount, prejudgment and postjudgment interest, and court costs. We reverse and reform that portion of the judgment that awards prejudgment interest. We reverse and render that portion of the judgment

---

1. The Honorable Gordon Rowe, Justice, participated in this cause before his resignation effective December 2, 1991, but did not participate in this opinion.

that awards postjudgment interest. We affirm the remainder of the trial court's judgment.

## STATEMENT OF FACTS

Dees executed a $7500 bond to secure the release of the defendant-principal. When the defendant-principal did not appear in court as required, the court forfeited his bond. The trial court entered a judgment nisi on September 28, 1990. On January 16, 1991, the magistrate held the bond forfeiture hearing. The magistrate found that the defendant-principal had been arrested on September 20, 1990 (eight days before entry of the judgment nisi). He recommended a final judgment of bond forfeiture against Dees and the defendant-principal for ten percent of the bond amount. The trial court awarded the State $750, ten percent prejudgment and postjudgment interest, and costs. After deducting the State's award, the trial court ordered remittitur to Dees.

## ARTICLE 22.16

The Court of Criminal Appeals of Texas declared sections of article 22.16 of the Code of Criminal Procedure unconstitutional. *See Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Crim.App.1990); *State v. Matyastik*, 811 S.W.2d 102 (Tex.Crim. App.1991). We quote article 22.16 in its entirety:

(a) After forfeiture of a bond and before the expiration of the time limits set by Subsection (c) of this article, the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article if:

(1) the principal is incarcerated in the county in which the prosecution is pending;

(2) the principal is incarcerated in another jurisdiction and the incarceration is verified as provided by Subsection (b) of this article;

(3) the principal is released on new bail in the case;

(4) the principal is deceased; or

(5) the case for which bond was given is dismissed.

(b) For the purposes of Subsection (a)(2) of this article, a surety may request confirmation of the incarceration of his principal by written request to the law enforcement agency of the county where prosecution is pending. A law enforcement agency in this state that receives a request for verification shall notify the court in which prosecution is pending and the surety whether or not the principal is or has been incarcerated in another jurisdiction and the date of the incarceration.

(c) A final judgment may be entered against a bond not earlier than:

(1) nine months after the date the forfeiture was entered, if the offense for which the bond was given is a misdemeanor; or

(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

(d) After the expiration of the time limits set by Subsection (c) of this article and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article.

(e) For the purposes of this article, interest accrues on the bond amount from the date of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases.

TEX.CODE CRIM.PROC.ANN. art. 22.16 (Vernon 1989).

The *Armadillo* court held subsection (c)(2) unconstitutional because it violates the separation of powers provision in the Texas Constitution. *See Armadillo Bail Bonds*, 802 S.W.2d at 241; TEX. CONST. art. II, § 1. Section (c)(2) allowed the legislature to interfere with the trial court's abili-

ty to render final judgments in felony cases. The *Matyastik* court found that subsection (c)(1) violated the separation of powers in misdemeanor cases. *See Matyastik*, 811 S.W.2d at 104. Subsection (c) imposed time limitations on subsection (a).

### Constitutional Analysis

Dees argues that the *Matyastik* court held only a portion of subsection (a) unconstitutional. Dees relies on the court's statement, "Because subsection (a) cannot be executed or have any effect without utilizing the provisions of subsection (c), we hold that the *portion* of [article] 22.16(a) ... utilizing subsection (c) is invalid." *Id.* (emphasis added).

The State maintains that the court invalidated all of subsection (a). The State relies on the *Matyastik* court's statement "that subsection (a) is contingent upon the time limitations established in subsection (c), and thus has no effect without the invalid provisions." *Id.* at 104.

### 1. Standard of Review

■ An unconstitutional portion of a legislative enactment does not invalidate the entire act. *Meshell v. State*, 739 S.W.2d 246, 257 (Tex.Crim.App.1987); *see also Jones v. State*, 803 S.W.2d 712, 714 (Tex. Crim.App.1991). An invalid provision of an act does not void any remaining provisions that can be given effect after deleting the contaminated provision. *See* Tex.Gov't Code Ann. § 311.032(c) (Vernon 1988). When part of a statute is unconstitutional, we sustain the remainder only if the result is consistent with original legislative intent. *See Tussey v. State*, 494 S.W.2d 866, 870 (Tex.Crim.App.1973).

■ Dees suggests that subsection (a), after deletion of the invalid portion, is complete and enforceable. The remaining portion of subsection (a) would read as follows:

(a) After forfeiture of a bond, the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reason-able costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article if....

When read in this manner, a written motion to remit, properly presented, mandates a remittitur of the total amount of the bond, less costs and interest.

Without the unconstitutional time limitation language, subsection (a) requires remittitur at any time after forfeiture of the bond [2]—even after a *final* judgment of forfeiture. This result is inconsistent with the original legislative intent underlying article 22.16. Article 22.16 was not meant to give the trial court indefinite jurisdiction over bond forfeitures. Nothing in the statute authorized this result. *See* Tex.Code Crim. Proc.Ann. art. 22.16.

Dees avoids this problem by *reading into* subsection (a) additional requirements—time limitations. Dees argues that the time limitations contained in subsection (c) can be constitutionally applied. Dees relies on *Lyles v. State*, 814 S.W.2d 411 (Tex.App.—Waco 1991, no pet.), to support his position and ignores that the Court of Criminal Appeals of Texas declared all of subsection (c) unconstitutional. *See Armadillo*, 802 S.W.2d at 239; *Matyastik*, 811 S.W.2d at 104. We decline to follow Dees's suggestions.

Nothing in *Matyastik* indicates that the court rewrote and saved part of subsection (a). We do agree that application of the time limitations in this manner might well be constitutional. To apply them as he suggests does not limit a court's power to render final judgment. However, it does require this Court to rewrite subsection (a) using unconstitutional time limitations. This we cannot and will not do.

It was the legislature's exercise of judicial power that caused invalidation of subsections (a) and (c). Having condemned their usurping our power, we cannot now seize theirs.

To give effect to any part of subsection (a) requires the use of the unconstitutional time limitations from subsection (c). We

---

**2.** If any one of the five specified conditions    were satisfied.

conclude that when the *Matyastik* court referred to that *portion* of subsection (a) which utilized subsection (c), the court effectively referred to *all* of subsection (a).

The concluding language of the *Matyastik* opinion, "remittitur now *may* be done anytime between forfeiture and entry of a final judgment," reinforces our conclusion. *Matyastik*, 811 S.W.2d at 104 (emphasis added). Subsection (a) uses the mandatory "shall." That a court *may* order a remittitur is inconsistent with the terms of subsection (a). However, it is consistent with the terms of subsection (d). *See* TEX.CODE CRIM.PROC.ANN. art. 22.16(d).

Subsection (d) also refers to the unconstitutional time limits of subsection (c). Removing all references to subsection (c), subsection (d) reads as follows:

(d) Before the entry of a final judgment against the bond, the court *in its discretion may* remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article.

(Emphasis added.) This language is consistent with the legislature's intent of allowing discretionary remittitur before the entry of a final forfeiture judgment. Subsection (d)'s failure to mention initial forfeiture is not fatal. There can be no remittitur without an initial forfeiture. We need not rewrite to give effect to the remainder of subsection (d).

We hold that courts retain the discretionary power to remit all or part of a forfeited bond, before entry of final judgment, under the constitutional portion of subsection (d). *See Nash v. State*, 811 S.W.2d 698, 700 (Tex.App.—Houston [14th Dist.] 1991, pet. granted).

## COSTS

■ Dees next argues that the trial court erroneously taxed civil court costs. Because a bail bond forfeiture is a criminal matter, *see Bailout Bonding Co. v. State*, 797 S.W.2d 275, 277 (Tex.App.—Dallas 1990, pet. ref'd), Dees contends that the court cannot tax civil costs. We disagree.

Dees ignores the plain language of subsection (d). It specifically authorizes discretionary remittitur of all or part of the amount of the bond "after deducting the costs of court." *See* TEX.CODE CRIM.PROC. ANN. art. 22.16(d). The valid portion of subsection (d) provides for the taxing of court costs.

## POSTJUDGMENT INTEREST

■ Dees argues the trial court erred in assessing postjudgment interest. A bond forfeiture judgment cannot include postjudgment interest. *See Bailout*, 797 S.W.2d at 277–78. Article 22.16 does not authorize awards of postjudgment interest. *See* TEX.CODE CRIM.PROC.ANN. art. 22.16. Accordingly, we hold that the trial court erred in awarding postjudgment interest.

## PREJUDGMENT INTEREST

■ Dees maintains that the trial court incorrectly assessed prejudgment interest. Dees contends six percent interest is proper. *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987). The State contends the court properly assessed prejudgment interest at ten percent. *See* TEX.REV.CIV.STAT. ANN. art. 5069–1.05, § 2 (Vernon Supp. 1991).

Subsection (d) of article 22.16 authorizes interest on the bond amount as provided by subsection (e). TEX.CODE CRIM.PROC.ANN. art. 22.16(d). Subsection (e) states "interest accrues on the bond amount from the date of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases." TEX.CODE CRIM.PROC.ANN. art. 22.16(e).

Section 3 of article 5069–1.05 provides that the rate of interest under section 2 applies to the computation of *post*judgment interest. *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 3 (Vernon Supp.1991); *Missouri–Kan.–Tex. R.R. v. Fiberglass Insulators*, 707 S.W.2d 943, 944–48 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.). Other sections authorize prejudgment interest in wrongful death, personal injury, property damage, and condemnation cases.

*See* TEX.REV.CIV.STAT.ANN. art. 5069–1.05, §§ 6, 7 (Vernon Supp.1991). They do not apply in this case.

Article 5069–1.03 provides for six percent prejudgment interest "on all accounts and contracts ascertaining the sum payable" when the parties have not agreed upon a specified rate of interest. TEX.REV.CIV. STAT.ANN. art. 5069–1.03. A bond is a contract. *See* 10 TEX.JUR.3d *Bonds and Undertakings* §§ 1, 10 (1980). Bail bonds are contracts between the surety and the State. *See Morin v. State,* 770 S.W.2d 599, 599 (Tex.App.—Houston [14th Dist.] 1989), *pet. dism'd per curiam,* 800 S.W.2d 552 (Tex. Crim.App.1990); *Keith v. State,* 760 S.W.2d 746, 747 (Tex.App.—Fort Worth 1988), *aff'd,* 802 S.W.2d 690 (Tex.Crim.App.1990). Courts liberally construe the statutory requirement of sums payable in contracts. *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex.1984).

We hold that article 5069–1.03 governs the award of prejudgment interest on a bond forfeiture. The trial court erred in awarding prejudgment interest at ten percent.

Article 22.16 refers to the accrual of interest "on the bond amount." Whether the subsection contemplates remittitur of the full amount or discretionary remittitur of "all or part" of the bond amount is immaterial. *See* TEX.CODE CRIM.PROC.ANN. art. 22.16(a), (d), & (e). This bond specified the maximum amount of liability—the face amount of the bond. That the court may not hold the surety liable for the full amount of the bond does not alter the specified sum payable.

We hold the State is entitled to prejudgment interest on the face amount of the bond at six percent interest per annum from the date of the judgment nisi (September 28, 1990), *see* TEX.CODE CRIM.PROC.ANN. arts. 22.01, 22.02, & 22.16(e) (Vernon 1989), to the date of the final judgment (January 24, 1991).

## CONCLUSION

The trial court has the discretion under subsection (d) of article 22.16 of the Code of Criminal Procedure to remit $6750 (nine-ty percent) of the total bond amount of $7500. Subsection (d) allows the court to assess costs of court against Dees. We reverse that part of the trial court's judgment awarding postjudgment interest and render judgment that the State take nothing for postjudgment interest. We reverse that part of the trial court's judgment awarding ten percent prejudgment interest and render judgment awarding the State six percent interest. In all other respects, we affirm the trial court's judgment.