**Gerald Ray BULLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00422–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 6, 1992.

G. Pat Monks, Houston, Carolyn Findley Price, Arlington, for appellant.

Kathleen Braddock, Houston, for appellee.

Before MURPHY, ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

This is an appeal from a final judgment entered against appellant following the forfeiture of a $20,000 appearance bond. The trial court determined that appellant, as surety, and defendant, as principal, were jointly and severally liable for the entire amount of the bond plus costs of court. In a single point of error, appellant contends that the trial court erred by entering judgment in an amount which was excessive and not authorized by law. The judgment of the trial court is affirmed.

On February 10, 1989, the state charged Oziel Gonzalez Martinez with the felony offense of possession of a controlled substance. On February 14, Martinez, as principal, and Gerald Ray Bullin, as surety (appellant), executed a $20,000 bail bond conditioned upon Martinez' subsequent ap-

pearance before the trial court. Martinez failed to appear on the date ordered, the bond was declared forfeited, and the court signed an interlocutory judgment of forfeiture on March 9, 1989. The defendant has never been incarcerated in Harris County since the date of his non-appearance.

On February 8, 1990, appellant filed a motion for remittitur, and a hearing was set for August 30. At the hearing, the court took judicial notice of the entire file and heard evidence from appellant that Martinez was incarcerated in Mexico at the time of the forfeiture. The court made no finding as to whether the defendant was actually incarcerated in Mexico, but overruled appellant's motion nonetheless, declaring article 22.16(a) of the Texas Code of Criminal Procedure unconstitutional and finding Mexico not to be within the meaning of "jurisdiction" in art. 22.16(a)(2). A final judgment was signed on January 31, 1991, in which the court ordered appellant and Martinez, jointly and severally, to pay the entire amount of the bond plus costs of court.

■ Appellant argues that the amount of relief granted was excessive and contends that he was entitled to a remittitur of the entire $20,000 pursuant to article 22.16(a) of the Code of Criminal Procedure. Article 22.16 reads in part as follows:

(a) After forfeiture of a bond and before the expiration of the time limits set by Subsection (c) of this article, the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article if:

(1) the principal is incarcerated in the county in which the prosecution is pending;

(2) the principal is incarcerated in another jurisdiction and the incarceration is verified as provided by Subsection (b) of this article;

(3) the principal is released on new bail in the case;

(4) the principal is deceased; or

(5) the case for which bond was given is dismissed.

\* \* \* \* \* \*

(c) A final judgment may be entered against a bond not earlier than:

(1) nine months after the date the forfeiture was entered, if the offense for which the bond was given is a misdemeanor; or

(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

(d) After the expiration of the time limits set by Subsection (c) of this article and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount....

TEX.CODE CRIM.PROC.ANN. art. 22.16 (Vernon 1989).

The resolution of the issue in the present case hinges on the construction to be given this statute in view of recent case law. In *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Crim.App.1990), the court held that section (c)(2) of article 22.16 violated the separation of powers provision of the Texas Constitution by permitting the legislature to interfere with the trial court's ability to render final judgments in felony cases. Likewise, in *State v. Matyastik*, 811 S.W.2d 102 (Tex.Crim.App.1991), the court held that subsection (c)(1) violated the separation of powers provision in misdemeanor cases. Noting that "subsection (a) is contingent upon the time limitations established in subsection (c), and thus has no effect without the invalid provisions," the *Matyastik* court went on to say that "[b]ecause subsection (a) cannot be executed or have any effect without utilizing the provisions of subsection (c), we hold that the portion of Art. 22.16(a) ... utilizing subsection (c) is invalid under Article 2, § 1 of the Texas Constitution. Thus, remittitur now may be done anytime between

forfeiture and entry of a final judgment." *Id.* at 104.

Following the *Matyastik* decision, three courts of appeals, including this court, have been faced with the issue of determining whether the court of criminal appeals invalidated all of subsection (a) or merely a portion of it. In *Lyles v. State,* 814 S.W.2d 411 (Tex.App.—Waco 1991, no pet.), the Waco court of appeals took the position that *Matyastik* held unconstitutional only that portion of art. 22.16(a) which utilizes the time limitations of subsection (c). After removing the invalid portion, the Waco court interpreted the statute to say that, at any time prior to final judgment, the trial court is required to order a full remittitur once it has been presented with a proper written request and shown that any one of the conditions specified in subsections (1) through (5) has been satisfied. *Id.* at 412. Appellant requests that we apply the above interpretation to the present case.

This court was faced with the same issue in *Nash v. State,* 811 S.W.2d 698 (Tex. App.—Houston [14th Dist.] 1991, pet. granted), an opinion rendered on the same day as *Lyles.* In *Nash,* we interpreted *Matyastik* as holding subsection (a) to be void and unconstitutional in its entirety. *Id.* at 700. Accordingly, we held that the trial court now has the discretion to order a remittitur under 22.16(d) at any time between forfeiture and entry of the final judgment. *Id.*

The Dallas court of appeals agreed with our interpretation of *Matyastik* and concluded that all of subsection (a) is unconstitutional. *Dees v. State,* 822 S.W.2d 703 (Tex.App.—Dallas 1991, no pet.). After citing the Code Construction Act for the proposition that an invalid provision of an act does not void any remaining provisions that can be given effect after deleting the contaminated provision, *see* TEX.GOV'T CODE ANN. § 311.032(c) (Vernon 1988), the court held in accordance with *Matyastik* that to give effect to any part of subsection (a) requires the use of the unconstitutional time limitations from subsection (c). *Id.* at 705. The court noted that subsection (d) also refers to the unconstitutional time limits of subsection (c), but, after removing such references, found that the remainder of subsection (d) could still be given effect and is still consistent with the legislature's intent of allowing discretionary remittitur before the entry of a final forfeiture judgment. *Id.* at 706. Further, the court noted that the discretionary language in subsection (d) is consistent with the concluding language of *Matyastik* in which the court of criminal appeals stated that "remittitur now *may* be done anytime between forfeiture and entry of a final judgment." *Dees,* 822 S.W.2d at 706 (*quoting* Matyastik, 811 S.W.2d at 104) (emphasis added by the court of appeals). To say that the trial court *may* order a remittitur is inconsistent with the "shall" language of subsection (a) which remains after the unconstitutional portion has been deleted, however, it is entirely consistent with the remaining portion of subsection (d). Thus, the Dallas court held that, prior to entry of final judgment, the trial court retains the discretionary power to remit all or part of a forfeited bond under the constitutional portion of subsection (d). *Id.* For the same reasons, we decline appellant's request to follow *Lyles,* and instead follow *Dees* and our prior decision in *Nash.*

Appellant further argues that, because a bail bond forfeiture is a criminal matter, the trial court erred by taxing civil court costs. We disagree. As noted by the court in *Dees,* the plain language of TEX.CODE CRIM.PROC.ANN. art. 22.16(d) authorizes discretionary remittitur of all or part of the amount of the bond "after deducting the costs of court." *Dees,* 822 S.W.2d at 706. Accordingly, we overrule appellant's sole point of error and affirm the judgment of the trial court.