# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00518-CV
NO. 03-10-00519-CV
NO. 03-10-00520-CV
NO. 03-10-00521-CV
NO. 03-10-00522-CV
NO. 03-10-00523-CV

**Shawn C. Brown, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT**
**NOS. N2009-004, 005, 006, 007, 008, 009, HONORABLE DIB WALDRIP, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Shawn C. Brown appeals six trial-court judgments, each of which forfeited a bond and rendered judgment against him for the amount of the bond plus court costs. Brown raises the same issues in each of the six related cases, which we consolidated for briefing and submission. We will affirm the judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

Brown posted six appearance bonds for Daniel Chenu after Chenu was indicted for six counts of felony offenses. After Chenu was released from custody, but before his next scheduled court date, Brown filed a "Motion and Affidavit of Surety to Surrender" in each count. In each

motion, Brown sought "to be released from his obligations as Surety" and requested that the court issue a capias for Chenu. The trial court initially denied the motions because the orders Brown presented for the court's signature included language that released Brown from his obligations as surety without requiring that he actually surrender Chenu into custody. The docket sheet indicates that the court offered to issue a capias if the release language was removed from the order, but that Brown declined the offer. Later that day, the court signed six orders that directed the clerk to issue a capias for each count. The orders declared that Brown's liability on the bonds would not be released until Chenu was "placed in the Comal County Jail and any arrest costs incurred by the county . . . are paid in full." Subsequently, Chenu failed to appear in court on February 5, 2009, as ordered. The six bonds were declared forfeited and the court signed a judgment nisi in each count. On February 19, 2009, the State filed the judgments nisi in the trial court, and each was assigned a separate cause number. Brown was served with citation and the judgment nisi in each case on February 25, 2009. Brown filed answers in the six cases on March 9, 2009. After a trial on the merits, the trial court rendered judgment in each case awarding the State the total amount of the bond plus court costs. The court also made extensive findings of fact and conclusions of law. Brown appealed the six judgments. Because he challenged all the judgments on identical grounds, we granted his request that the appeals be consolidated for purposes of briefing and submission.

## DISCUSSION

Article 17.19 of the Texas Code of Criminal Procedure provides in relevant part:

2

(a)    Any surety, desiring to surrender his principal . . . may file an affidavit of such intention before the court or magistrate before which the prosecution is pending.  The affidavit must state:

    (1)    the court and cause number of the case;
    (2)    the name of the defendant;
    (3)    the offense with which the defendant is charged;
    (4)    the date of the bond;
    (5)    the cause for the surrender; and
    (6)    that notice of the surety's intention to surrender the principal has been given as required by this subsection.

(b)    In a prosecution pending before a court, if the court finds that there is cause for the surety to surrender the surety's principal, the court shall issue a capias for the principal.  . . .  It is an affirmative defense to any liability on the bond that:

    (1)    the court [] refused to issue a capias [] for the principal; and
    (2)    after refusal to issue the capias [], the principal failed to appear.

. . . .

(d)    [A] capias issued under this article shall be issued to the sheriff of the county in which the case is pending, and a copy of the [] capias shall be issued to the surety or his agent.

(e)    [A] capias issued under this article may be executed by a peace officer, a security officer, or a private investigator licensed in this state.

Tex. Code Crim. Proc. Ann. art. 17.19 (West Supp. 2010).  In his first appellate issue, Brown asserts that he did not receive notice that the trial court had in fact issued a capias after initially denying his motion, and that, as a consequence, the capias that was issued  "should be void."[1]  Brown contends that if the capias is "void," it is as if no capias was issued despite his request, and he is entitled to the affirmative defense contained in article 17.19(b).  Although Brown pleaded the article 17.19(b)

---

[1] Brown cites no authority, and we are aware of none, supporting his assertion that his failure to receive notice that the capias issued renders it void.

affirmative defense in his answer, he did not present the court with any evidence or argument related to the defense at trial and did not refer to the defense in his motion for reconsideration or for new trial. To preserve a complaint for appellate review, a party must first present the issue to the trial court. Tex. R. App. P. 33.1(a). Merely raising an affirmative defense in an answer to a petition does not preserve that defense on appeal from a judgment in favor of the plaintiff. *See TPS Freight Distribs., Inc. v. Texas Commerce Bank-Dallas*, 788 S.W.2d 456, 459 (Tex. App.—Fort Worth 1990, no writ). Moreover, Brown did not present the court with any evidence tending to show that he did not receive notice that the capias had issued, a fact central to his claimed affirmative defense.

A party asserting an affirmative defense in a trial before the court is also required to request findings in support of the defense in order to avoid waiver on appeal. *Intec Sys. v. Lowrey*, 230 S.W.3d 913, 918 (Tex. App.—Dallas 2007, no pet.). And when the trial court makes findings of fact that do not establish any elements of the defense, as the court did here, the party relying on that defense must file a request for additional findings to avoid waiver of that defense on appeal. *Sears, Roebuck & Co. v. Nichols*, 819 S.W.2d 900, 907 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Brown filed no request for findings on any issue related to the affirmative defense generally or to the specific issue of whether a copy of the capias was issued to him. To properly preserve the defense for purposes of appeal, Brown had to expressly present it to the trial court and request additional or amended findings. He failed to do so and thereby abandoned the defense.

Even if Brown had preserved this issue for appeal, it is inadequately briefed and unsupported by argument or authority, and therefore presents nothing for this Court to review. *See General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 n.1 (Tex. 2001). Texas

4

Rule of Appellate Procedure 38.1(h) requires appellate briefs to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Appellate issues are waived if an appellant fails to support his contention with citations to appropriate authority, or cites only to a single, non-controlling case. Tex. R. App. P. 38.1(h); *Anderson Petro-Equip., Inc. v. State*, 317 S.W.3d 812, 819 (Tex. App.—Austin 2010, pet. denied). This rule does not prohibit an appellant from making a novel argument for which there is no authority directly on point. But even a novel contention must be grounded in analogous case law or provide a relevant jurisprudential framework for evaluating the claim. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 725 (Tex. App.—Dallas 2004, no pet.) (citing *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied*, 523 U.S. 1053 (2001)). Brown has cited no direct or analogous authority in support of his contention that, if he did not receive notice of the capias, it was "as if no capias had issued." We overrule Brown's first appellate issue.

In his second issue, Brown contends that the trial court had no jurisdiction to render the judgments awarding the full amount of the bonds to the State because its "plenary jurisdiction had expired." Brown argues that the trial court's January 30, 2009 Orders Regarding Request to Surrender Defendant entered by the court in each count of the criminal case against Chenu are "the final order[s] as to Shawn Brown." These orders contain recitations that "Shawn Brown shall be, in all things, released from further liability on the bond once [Chenu] is placed in the Comal County Jail and any arrest costs incurred by the county by this request are paid in full." Brown argues that this order was a "final" order and after the expiration of thirty days, the trial court lacked jurisdiction to modify the order and render judgment against him in the amount of the bonds. This argument

5

fails because the Order Regarding Request to Surrender Defendant is not a final order adjudicating Brown's liability under the bond.  The plain language in the orders regarding releasing Brown from liability on the bonds indicates that such release was conditional.  *See Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985) (final judgment cannot condition recovery on uncertain events or base its validity on what parties might or might not do post-judgment).  The orders themselves are not final orders, nor do they purport to finally adjudicate Brown's liability as surety under the bonds.

Furthermore, Brown confuses the trial court's plenary jurisdiction to modify a judgment rendered in Chenu's criminal case with its original jurisdiction to render a decision in a subsequently filed bond forfeiture proceeding.  The judgments from which Brown appeals are not modifications of any orders entered in the criminal case but rather are the final judgments in separate bond forfeiture proceedings—proceedings that were assigned different cause numbers and involved different issues from those before the court in the criminal case against Chenu.  *See* Tex. Code Crim. Proc. Ann. art. 22.10 (West 2009) ("When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same rules governing other civil suits."), 22.03 (West 2009) (upon entry of judgment nisi, citation shall issue notifying sureties that bond has been forfeited and requiring them to appear and show cause why judgment of forfeiture should not be made final). When Chenu failed to appear at his February 5, 2009 court date, the trial court was required to forfeit the bond and sign the judgments nisi.  *See* Tex. Code Crim. Proc. Ann. art. 22.01 (West 2009) (when defendant bound by bail to appear in court fails to do so,

6

"a forfeiture of his bail and a judicial declaration of such forfeiture shall be taken"), 22.02 (West 2009) (if defendant does not appear, judgment shall be entered that State recover from sureties amount in which they are bound and judgment will be made final unless good cause shown for defendant's failure to appear). The State's subsequent filing of the judgments nisi with the trial court conferred on it original jurisdiction to adjudicate the matter of enforcing the surety's bond obligation. *See Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008); *Burgemeister v. Anderson*, 259 S.W. 1078, 1079 (Tex. 1924). The trial court had jurisdiction to render the six judgments. Brown's second appellate issue is overruled.

In his third issue, Brown asserts that because his liability as surety had already been adjudicated by the orders dated January 30, 2009, the final judgments rendered by the court in the six bond foreiture cases "violate his protection from double jeopardy" or "the civil principles of res judicata." Because we have already concluded that the January 20, 2009 orders did not constitute final adjudications of Brown's liability on the bonds, res judicata principles are not implicated. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) (res judicata is generic term for group of related concepts concerning conclusive effects given final judgments and prevents relitigation of claims that have been finally adjudicated). For the same reason, assuming they would even apply in a bond forfeiture proceeding, there has been no violation of any of the three protections guaranteed by the Double Jeopardy Clause: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same conviction, and (3) protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *see also Fant v. State*, 931 S.W.2d 299, 309-10 (Tex. Crim. App. 1996)

7

(forfeiture of defendant's property pursuant to section 59 of code of criminal procedure is not "punishment" and therefore does not implicate Double Jeopardy Clause).  We overrule Brown's third appellate issue.

In his fourth issue, Brown asserts that the judgments in the forfeiture proceedings were "premature and served as a punishment imposed on the surety."  Brown has failed to cite any authority or even explain why his characterization of the judgments as "punitive" would require reversal.  An appearance bond is a contract between the surety or bonding company and the State in which the surety promises that the principal will appear in court on an appointed date in exchange for the State's agreement to release the principal from its custody.  *See Morin v. State*, 770 S.W.2d 599, 599 (Tex. App.—Houston [14th Dist.] 1989), *pet. dism'd per curiam*, 800 S.W.2d 552 (Tex. Crim. App. 1990).  If the principal does not appear in court "at any time when his personal appearance is required," the surety's bond shall be forfeited in accordance with the procedures set forth in chapter 22 of the code of criminal procedure.  *See* Tex. Code Crim. Proc. Ann. art. 22.01.  There is no dispute that Chenu failed to appear.  Consequently, Brown was contractually obligated to pay the State the full amount of each of the bonds, and the trial court's judgments awarding the full amount of each bond to the State are not "punitive," unauthorized, or improper.  We overrule Brown's fourth issue.

**CONCLUSION**

Having overruled Brown's four appellate issues, we affirm the trial court's judgments.

8

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   August 11, 2011