**SAFETY NATIONAL CASUALTY COR-PORATION (Agent Manuel Leyva d/b/a Rocky Bail Bonds), Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–05–00209–CV.

Court of Appeals of Texas,
El Paso.

Nov. 30, 2006.

Discretionary Review Granted
June 13, 2007.

Discretionary Review Granted
June 20, 2007.

Rehearing Overruled Jan. 31, 2007.

Tony R. Conde, Jr., El Paso, for Appellant.

Arne Carl Schonberger, Asst. County Atty., El Paso, for Appellee/State

Before CHEW, C.J., McCLURE, and BARAJAS, C.J. (Ret.).

## OPINION

DAVID WELLINGTON CHEW, Chief Justice.

Safety National Casualty Corporation (Agent Manuel Leyva d/b/a Rocky Bail Bonds) ("Safety National") appeals from a final judgment on a bond forfeiture. The trial court remitted 50 percent of the $10,000 bond and awarded judgment to the State of Texas for $5,000 plus court costs. We affirm.

On February 18, 2004, Safety National posted a $10,000 surety bond on behalf of Willie Guerrero ("Guerrero") who was charged with felony theft.[1] Guerrero did not appear for arraignment/pretrial hearing set for 1:30 p.m. on March 25, 2004. Mayra Botello, who works for Rocky Bail Bonds, learned at about 2:30 p.m. that same day that Guerrero had not appeared at the scheduled hearing so she called him at his home. After some discussion with Guerrero and his mother, Guerrero said that he could go to court that afternoon. Botello called the court coordinator for the 171st District Court and advised her of Guerrero's availability to appear that afternoon, but the coordinator told her to bring Guerrero to court the following morning. The trial court usually followed a procedure whereby the bond would not be forfeited if the defendant-principal would appear by 8:30 a.m. the following day and provide the court with an adequate reason for his non-appearance the previous day. Guerrero appeared before the trial court the following morning but

---

1. The underlying criminal case, pending in the 171st District Court of El Paso County, Texas is *The State of Texas v. Willie Guerrero* (cause number 20040D01330).

he did not provide the court with good cause for his failure to appear at the hearing on the previous day. The trial court judge recalled that Guerrero initially lied to her and blamed the weather and car troubles before stating that he had simply forgotten. The judge was offended by Guerrero's nonchalant attitude regarding his failure to appear. Consequently, the court forfeited the bond and Guerrero was taken immediately into custody.

The trial court entered the judgment nisi on March 26, 2004. Safety National filed its written answer on April 16, 2004. Safety National raised only a general denial and did not raise the affirmative defense of exoneration. The trial court conducted the final hearing on September 28, 2004. Guerrero did not appear at the final hearing on the judgment nisi and the trial court awarded a default judgment in the full amount of the bond against him. Safety National argued at the final hearing that it was entitled to exoneration under Article 22.13(a)(5) of the Code of Criminal Procedure[2] because Guerrero was taken into custody on March 26, 2004. The State argued that Article 22.13(a)(5) violated the separation of powers provision of the Texas Constitution because it unduly interfered with the entry and timing of the final judgment and with the court's ability to control its docket. The trial court did not immediately enter a final judgment but instead requested additional briefing by the parties on the constitutional issues. In its brief, Safety National requested remittitur pursuant to Article 22.16(a) of the Code of Criminal Procedure.[3]

On January 24, 2005, the trial court conducted an additional hearing on the constitutional issues, and on March 7, 2005, the court entered judgment in favor of the State for $5,000 (one-half of the original bond) plus court costs. In its findings of fact and conclusions of law, the court found that good cause had not been shown for Guerrero's failure to appear. Additionally, the court concluded that Article 22.13(a)(5) is unconstitutional because it unduly interferes with the court's discretion to set and forfeit bonds, and to control its docket. The court also found that Article 22.13(a)(5) unconstitutionally interferes with not only the timing and finality of judgments, but also with the court's discretion to remit all or none of a forfeited amount.

## EXONERATION

Safety National raises four issues related to the affirmative defense of exoneration.[4] In Issues One, Two, and Three, Safety National contends that it is entitled to exoneration pursuant to Article 22.13(a)(5) of the Code of Criminal Procedure. These issues do not discuss the constitutionality of Article 22.13(a)(5) but instead are directed at the court's failure to exonerate the surety based on the undisputed evidence. We interpret these issues as a challenge to the legal sufficiency of the evidence to support the trial court's non-finding of incarceration as an affirmative defense to liability upon the bond forfeiture taken. The trial court, however, found that Article 22.13(a)(5) is unconstitutional as violative of the separation of powers doctrine and refused to apply it to the case. The sufficiency issues are therefore irrelevant unless Safety National brings

---

**2.** Tex.Code Crim. Proc. Ann. art. 22.13(a)(5)(Vernon Supp.2006).

**3.** Tex.Code Crim. Proc. Ann. art. 22.16(a)(Vernon Supp.2006).

**4.** Exoneration is an affirmative defense which may be raised by the defendant-principal and his sureties. *See Castaneda v. State,* 138 S.W.3d 304, 323 (Tex.Crim.App.2003); *Kubosh v.State,* 177 S.W.3d 156, 158 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd).

forward and properly briefs an issue on appeal challenging the trial court's determination that Article 22.13(a)(5) is unconstitutional. The only issue which might be construed as an attempt to meet this burden is Issue Five where Safety National asserts that several of the trial court's legal conclusions are erroneous. The State responds, in part, that Issue Five is inadequately briefed.

 The Rules of Appellate Procedure require that the brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex.R.App.P. 38.1(h); *see Tacon Mech. Contractors, Inc. v. Grant Sheet Metal, Inc.*, 889 S.W.2d 666, 671 (Tex.App.-Houston [14th Dist.] 1994, writ denied)(when stated issues are not supported by citation to appropriate authorities or to the record, but contain mere conclusory arguments, those issues are waived). The appellant bears the burden of discussing his assertion of error. *Turner v. Church of Jesus Christ of Latter-Day Saints*, 18 S.W.3d 877, 900 (Tex.App.-Dallas 2000, pet. denied); *see also Thomas v. Olympus/Nelson Prop. Mgmt.*, 148 S.W.3d 395, 401 (Tex.App.-Houston [14th Dist.] 2004, no pet.). We do not have a duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Shelton v. Sargent*, 144 S.W.3d 113, 129 (Tex.App.-Fort Worth 2004, pet. denied); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex.App.-Dallas 2004, pet. denied).

 The first question is whether Issue Five can be construed as addressing the constitutionality of Article 22.13(a)(5). Safety National's argument consists of approximately one-half of a page, stating:

> The legal conclusions of the trial court identified as D17–19, E20–25 and 27–30, and numbers 6, 8, 10, and 12 are erroneous (record citation omitted). The trial

court concluded that Article 22.13(a)(5), TEX. CODE CRIM. PROC., usurp (sic) it's (sic) power. These conclusions are erroneous as the subject statute is consistent with the purpose of bail, to secure the presence of the accused for trial, and it does not prevent the court from proceeding to trial whenever it chooses. *Trammel v. State*, 529 S.W.2d 528, 529 (Tex.Crim.App.1975); *McConathy v. State*, 528 S.W.2d 594, 596 (Tex. Cr.App.1975) and reasoning and authorities cited in Amicus Brief filed in the trial court on October 22, 2004 (Appendix G).

Appellant would show that the subject conclusions of law be disregarded as improper as the conclusions are not on controlling issues. *Rafferty v. Finstad*, 903 S.W.2d 374, 376 (Tex.App.-Houston [1st Dist.] 1995, writ denied). For the above reasons, and as the review of conclusions of law is de novo, Appellant requests that these erroneous conclusions of law be reversed. *Austin Hardwoods, Inc. v. Vanden Berghe*, 917 S.W.2d 320, 322 (Tex.App.-El Paso 1995, writ denied); *Hydrocarbon Mgmt. v. Tracker Expl.*, 861 S.W.2d 427, 431 (Tex. App.-Amarillo 1993, no writ).

We recognize that Safety National identifies the particular legal conclusions it wishes to challenge and it provides a standard for reviewing those conclusions. The brief does not, however, address the trial court's determination that Article 22.13(a)(5) is unconstitutional because it violates the separation of powers provision. Instead, the brief contends that the trial court's legal conclusions should be disregarded because they are not on controlling issues. The constitutionality of the statute is certainly a controlling issue in this case. Another indication that Safety National did not intend to address the issue of Article 22.13(a)(5)'s constitutionality is

seen by the absence of citation or discussion of any of the case law relevant to this significant constitutional issue.

Even if we could construe Safety National's brief as raising the issue of Article 22.13(a)(5)'s constitutionality, the brief contains neither argument or authority on the issue. Safety National's reference to an *amicus* brief filed in the trial court, without any discussion of the authorities or argument made in that brief, does not constitute adequate briefing of the issue on appeal. We conclude that Safety National has waived any issue regarding the trial court's determination that Article 22.13(a)(5) is unconstitutional. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994)(citing longstanding rule that a point may be waived due to inadequate briefing). Accordingly, Issues One through Three and Issue Five are overruled.

## REMITTITUR

In Issue Four, Safety National asserts that it is entitled to mandatory remittitur of the entire bond under Article 22.16(a) because Guerrero was released on a new bail in the criminal case. The State responds that Safety National waived the remittitur issue because it did not file a written motion as required by Article 22.16(a), it did not bring the motion to the court's attention, and it did not request any additional or amended findings on the issue.[5]

### *Preservation of Error*

Article 22.16(a) provides:

After forfeiture of a bond and before entry of a final judgment, the court shall, on written motion, remit to the surety the amount of the bond, after deducting the costs of court and any reasonable and necessary costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (c) if the principal is released on new bail in the case or the case for which the bond was given is dismissed.

Tex.Code Crim.Proc.Ann. art. 22.16(a).

■ Safety National did not file a separate written motion but included its request for remittitur in a trial brief filed after the final hearing but before judgment. The request is found at the conclusion of the brief under the heading, "ALTERNATIVE RELIEF UNDER 22.16(a) REQUESTED." While the better practice is to request remittitur in a separate motion, we conclude that Safety National's request for remittitur constitutes a written motion as required by the statute.

■ We next consider whether Safety National brought the remittitur motion to the attention of the trial court. At the hearing on the constitutionality of Article 22.13(a)(5), Safety National's attorney argued that good cause had been shown for Guerrero's failure to appear, and alternatively, that it was exonerated from liability under Article 22.13(a)(5). Counsel also argued the following:

And in reviewing the remittitur statute, 22.16, at that particular time, it says that any time before the judge enters final judgment, the Court can order a remittitur.

Your Honor, I put that in the brief as a third alternative for the Court in complete compliance with the Code of Criminal Procedure. So that's where we're at here today, Your Honor.

5. We do not express any opinion regarding the constitutionality of Article 22.13(a)(5) or the trial court's conclusion that it is unconstitutional because it violates the separation of powers provision.

While Safety National focused primarily on Article 22.13(a)(5) at the hearing, it sufficiently brought its remittitur motion to the trial court's attention. *See* Tex. R.App.P. 33.1(a)(1)(requiring appellant to show that the complaint was made to the trial court by timely request, objection, or motion). We also conclude that the trial court implicitly denied Safety National's motion for full remittitur by entering only a partial remittitur. *See* Tex.R.App.P. 33.1(a)(2)(A)(requiring appellant to show that the trial court ruled on the request, objection, or motion either expressly or implicitly).

Finally, we consider whether Safety National has waived this issue by failing to obtain findings. The trial court entered a judgment remitting half of the bond rather than the full amount as had been requested by Safety National pursuant to Article 22.16(a). At Safety National's request, the trial court made extensive findings of fact and conclusions of law. The court specifically found that Guerrero posted bond after being arrested on the warrant resulting from the judgment nisi. Thus, Safety National obtained the factual finding relevant to this issue. The trial court, however, concluded courts have inherent discretion in bond forfeiture cases to remit any or no part of a bond and that a provision requiring a 100 percent remittitur is unreasonable. We conclude that Safety National did not waive this issue.

### Separation of Powers

The State next argues that the trial court properly refused to apply Article 22.16(a) because the non-discretionary and legislatively-mandated judgment interferes with the trial court's exercise of its judicial powers in violation of the separation of powers provision of the Texas Constitution. Article 2, § 1 of the Texas Constitution provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. 2, § 1.

The separation of powers provision may be violated in either of two ways: (1) when one branch of government assumes, or is delegated, to whatever degree, a power that is more "properly attached" to another branch; and (2) when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex.Crim.App. 1990); *Rose v. State*, 752 S.W.2d 529, 535 (Tex.Crim.App.1987); *Meshell v. State*, 739 S.W.2d 246, 252 (Tex.Crim.App.1987). The Texas Constitution explicitly vests the judicial power of the state in the courts. Tex. Const. art. 5, § 1; *Armadillo Bail Bonds*, 802 S.W.2d at 239. The core of this judicial power embraces the power: (1) to hear evidence; (2) to decide the issues of fact raised by the pleadings; (3) to decide the relevant questions of law; (4) to enter a final judgment on the facts and the law; and (5) to execute the final judgment or sentence. *Armadillo Bail Bonds*, 802 S.W.2d at 239–40. On the other hand, the Constitution explicitly grants the Legislature ultimate authority over judicial "administration." Tex. Const. art. 5, § 31; *Armadillo Bail Bonds*, 802 S.W.2d at 240; *Meshell*, 739 S.W.2d at 255. This authority does not, however, permit the Legisla-

ture "to infringe upon the substantive power of the Judicial department under the guise of establishing 'rules of court,' thus rendering the separation of powers doctrine meaningless." *Armadillo Bail Bonds*, 802 S.W.2d at 240, *quoting Meshell v. State*, 739 S.W.2d at 255. It is not a simple task to determine whether any given legislative action that affects the exercise of judicial power is a violation of the separation of powers provision. *Armadillo Bail Bonds*, 802 S.W.2d at 240.

In *Armadillo Bail Bonds*, the Court of Criminal Appeals held that Article 22.16(c)(2) violated the separation of powers provision. This statute prohibited entry of a final judgment against a bond prior to the expiration of eighteen months from the date of the forfeiture in a felony case. *See Armadillo Bail Bonds*, 802 S.W.2d at 238–39. The Court concluded that the statute unduly interfered with a core function of the judiciary, that is, to enter a final judgment on the facts and the law. *Id.* at 239–41. Thus, the statute was found to be a violation of the separation of powers provision since it allowed the legislature to usurp a judicial function. *Armadillo Bail Bonds*, 802 S.W.2d at 241.

In *State v. Matyastik*, 811 S.W.2d 102, 104 (Tex.Crim.App.1991), the Court applied *Armadillo Bail Bonds* to Article 22.16(c)(1), the section pertinent to misdemeanors, and declared it unconstitutional as well. The Court also addressed the constitutionality of Article 22.16(a), which at that time required the trial court to remit the entire amount of the bond if certain circumstances existed [6] after forfeiture and before the expiration of the periods in Article 22.16(c). Because Article 22.16(a) could not be executed without utilizing the provisions of Article 22.16(c), the Court concluded that the portion of the statute which utilized subsection (c) was invalid because it violated the separation of powers provision. *See Matyastik*, 811 S.W.2d at 104. Thus, remittitur could be done anytime between forfeiture and entry of a final judgment. *Id.*

Two years later, the Court of Criminal Appeals considered whether Article 22.16(a) should be read without reference to Article 22.16(c), or alternatively, whether the entire subsection is invalid. *See Lyles v. State*, 850 S.W.2d 497, 500 (Tex. Crim.App.1993). The Court reiterated its holding in *Matyastik* that subsection (a) is contingent upon the invalid time limitations in subsection (c) and it could not have any effect absent the invalid provisions. *Lyles*, 850 S.W.2d at 500. Thus it declared subsection (a) void. *Id.* In its analysis, the Court noted that reading Article 22.16(a) as providing for mandatory remittitur at anytime prior to the entry of final judgment would violate the separation of powers provision because it would constitute a legislative removal of the trial court's discretion to remit the bond. *Lyles*, 850 S.W.2d. at 501.

■ The current version of Article 22.16(a) does exactly that. It provides for mandatory remittitur at anytime prior to final judgment if the defendant principal is released on new bail in the case or the case for which bond is given is dismissed. While the trial court retains discretion under Article 22.16(b) to remit the bond for other good cause shown before the entry of final judgment, the legislature has nevertheless removed the trial court's discre-

---

**6.** The circumstances included if: (1) the principal was incarcerated in the county in which the prosecution is pending; (2) the principal is incarcerated in another jurisdiction and the incarceration is verified; (3) the principal is released on new bail in the case; (4) the principal is deceased; or (5) the case for which bond is given is dismissed. *See Armadillo Bail Bonds*, 802 S.W.2d at 238.

tion to remit the bond in the event new bail is given or the criminal case is dismissed. We conclude that Article 22.16(a) is invalid because it violates Article 2, § 1 of the Texas Constitution. The trial court did not err by failing to apply Article 22.16(a) in this case.

### Discretionary Remittitur

██ Finally, we consider whether the trial court abused its discretion by not remitting the entire amount of the bond pursuant to Article 22.16(b). In determining whether there has been an abuse of discretion, it must be determined if the court acted without reference to any guiding rules and principles, or in other words, whether the court acted arbitrarily or unreasonably. *Lyles,* 850 S.W.2d at 502.

 The trial court was authorized by Article 22.16(b) to remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable and necessary costs to the county for the return of the principal, and the interest accrued on the bond. An abuse of discretion may exist when there is a showing of sufficient cause for the accused's failure to appear. *Lyles,* 850 S.W.2d at 502. However, the mere subsequent appearance by the accused is not sufficient cause for complete remission of the forfeiture. *Id.* If it were, the defendant would not really be bound to appear as required by the terms of his recognizance, but would be able to create continuances at will. *Makeig v. State,* 802 S.W.2d 59, 62 (Tex.App.-Amarillo 1990), *affirmed by* 830 S.W.2d 956 (Tex.Crim.App.1992). Generally, sufficient cause is a showing that the party did not break his recognizance intentionally with the design of evading justice, or without a sufficient cause or reasonable excuse, such as an unavoidable accident or inevitable necessity preventing his appearance. *Id.* at 62–3. Although resulting ex-

treme hardship on the surety may be considered, a balancing consideration may be whether compensation was received by the surety for taking the risk. *Id.* at 63. While not seeking to punish the surety for the principal's failure to appear, the law does contemplate that such noncompliance will result in forfeiture of the bond amount. *Id.*

The record supports the trial court's conclusion that there was no showing of sufficient cause or a reasonable excuse for Guerrero's failure to appear. Further, there is no evidence that the surety incurred any costs in attempting to locate Guerrero. To the contrary, the bondsman simply telephoned Guerrero and instructed him to appear the following morning in the trial court. While there is no evidence of the amount of the bonding fee assessed by the surety against the principal, there is also no evidence that it was done free of charge. Under this record, we are unable to conclude that the trial court abused its discretion by remitting only half of the forfeited bond. *See Lyles,* 850 S.W.2d at 502–03; *Makeig,* 802 S.W.2d at 62–3. Issue Four is overruled. Having overruled each issue presented on appeal, we affirm the judgment of trial court.

BARAJAS, C.J. (Ret.)(Sitting by Assignment).