

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1560-12

---

### EX PARTE JOHN CHRISTOPHER LO

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

---

**Per Curiam. KELLER, P.J., filed a concurring opinion.**

### OPINION ON STATE'S MOTION FOR REHEARING

On original submission, this Court held Section 33.021(b) of the Texas Penal Code facially unconstitutional. The State has filed a motion for rehearing raising three grounds. We deny all three grounds, but write to address solely the State's first ground in which it alleges that the Court erred by finding Penal Code Section 33.021(b) unconstitutional without first providing notice to the attorney general pursuant to Section 402.010 of the Texas Government Code.

Section 402.010, as it pertains to this case, provides:

> (a) In an action in which a party to the litigation files a petition, motion, or other pleading challenging the constitutionality of a statute of this state, the court shall, if the attorney general is not a party to or counsel involved in the litigation, serve notice of the constitutional question and a copy of the petition, motion, or other pleading that raises the challenge on the attorney general either by certified or registered mail or electronically to an e-mail address designated by the attorney general for the purposes of this section. Notice under this section must identify the statute in question, state the basis for the challenge, and specify the petition, motion, or other pleading that raises the challenge.

> (b) A court may not enter a final judgment holding a statute of this state unconstitutional before the 45th day after the date notice required by Subsection (a) is served on the attorney general.

> (c) A court's failure to file or serve notice as required by Subsection (a) does not deprive the court of jurisdiction or forfeit an otherwise timely filed claim or defense based on the challenge to the constitutionality of a statute of this state.

> (d) This section or the state's intervention in litigation in response to notice under this section does not constitute a waiver of sovereign immunity.

TEX. GOV'T CODE § 402.010 (Vernon 2011).[1] Subsection (a) is triggered by the filing of a "petition, motion, or other pleading." Appellant's petition for discretionary review was filed in this Court on November 7, 2012, well after the effective date of the provision, June 17, 2011.

---

[1] This version of Section 402.010 was enacted, as a wholly new provision, effective June 17, 2011. The savings provision contained in the house bill provided that the new section would apply to filings made on or after its effective date. Section 402.010 was amended effective September 1, 2013, to require that a party making such a constitutional challenge file a form with the court "indicating which pleading should be served on the attorney general[,]"and directing the Office of Court Administration to adopt the form that a party should use for such purposes.

The State suggests that subsection (b) of Section 402.010 prevents this Court from entering a final judgment in this case because we have not complied with the notice requirement set forth in subsection (a) of 402.010. We hold that both subsections violate the separation-of-powers doctrine of our state constitution.

I.

The Texas Constitution includes an express separation-of-powers provision:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. Art. II, § 1. The "single, tersely phrased paragraph, provides that the constitutional division of the government into three departments (Legislative, Executive and Judicial) shall remain intact, 'except in the instances herein expressly permitted.'" *Meshell v. State*, 739 S.W.2d 246, 252 (Tex. Crim. App. 1987). This division ensures that power granted one branch may be exercised by only that branch, to the exclusion of the others. "The separation of powers doctrine therefore requires that 'any attempt by one department of government to interfere with the powers of another is null and void.'" *Id.* (quoting *Ex parte Giles*, 502 S.W.2d 774, 780 (Tex. Crim. App. 1974)). Our state's express provision "reflects a belief on the part of those who drafted and adopted our state constitution that one of the greatest threats to liberty is the accumulation of excessive

power in a single branch of government." *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990); *see also Langever v. Miller*, 76 S.W.2d 1025, 1035 (Tex. 1934)("So important is this division of governmental power that it was provided for in the first section of the first article of the Constitution of the Republic of Texas, and alone it constituted article 2 of each succeeding Constitution.").

We have viewed the Texas provision as generally susceptible to violation in one of two ways:

> (1) when one branch of government assumes or is delegated a power "more properly attached" to another branch, or

> (2) when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers.

*Ex parte Gill*, 413 S.W.3d 425, 431-32 (Tex. Crim. App. 2013); *see also Armadillo Bail Bonds*, 802 S.W.2d at 239. Section 402.010 does not concern the assumption or delegation of a power, but rather presents a question of undue interference.

We examined interference by the legislature with the judicial branch in *Armadillo Bail Bonds v. State*, in which we addressed whether a statute barring a trial court from entering a bond-forfeiture judgment until eighteen months after the date of the forfeiture in a felony case so usurped a judicial function that it violated separation of powers. We began our analysis by examining the nature of judicial power, recognizing that "core judicial power" embraces the power (1) to hear evidence; (2) to decide the issues; (3) to decide the relevant questions of law; (4) to enter a final judgment on the facts and the

law; and (5) to execute the final judgment or sentence. *Armadillo Bail Bonds*, 802 S.W.2d at 239-40. Because the provision at issue required the trial court to refrain from exercising a part of its core powers (the power to enter a final judgment) for a period of a year and a half, it unduly interfered with the judiciary's effective exercise of its constitutional powers. In *State v. Matyastik*, 811 S.W.2d 102 (Tex. Crim. App. 1991), the Court dealt with a different subsection of the same statute at issue in *Armadillo Bail Bonds*, specifically, the subsection barring a final judgment in a bail-bond forfeiture case until the expiration of nine months after the date of the forfeiture in a misdemeanor case. Applying the reasoning and holding from *Armadillo Bail Bonds*, the Court held that the provision violated separation of powers as well. *Id.* at 104.

II.

Section 402.010 also contains a provision purporting to suspend a court's power to enter a final judgment. Subsection (b) of 402.010 reads:

> A court may not enter a final judgment holding a statute of this state unconstitutional before the 45th day after the date notice required by Subsection (a) is served on the attorney general.

This provision attempts to suspend a judgment of this Court, or any court, virtually indefinitely, or until forty-five days after notice has been provided to the attorney general in accordance with subsection (a).

There are "spheres of activity so fundamental and so necessary to a court, so inherent in its very nature as a court, that to divest it of its absolute command within these

spheres is to make meaningless the very phrase judicial power." *Armadillo Bail Bonds*, 802 S.W.2d at 241 (quoting *Coate v. Omholt*, 662 P.2d 591 (Mont. 1983)). Requiring that the court refrain from entering a final judgment for a year and a half in a felony case and for nine months in a misdemeanor case, was such a divestiture. *Id*.; *Matyastik*, 811 S.W.2d at 104. Granted, eighteen-month and nine-month restrictions are considerably longer than a 45-day restriction. But the potential length of the delay is not so much the problem as the fact of the attempted interference at all. Entering a final judgment is a core judicial power; it falls within that realm of judicial proceedings "so vital to the efficient functioning of a court as to be beyond legislative power." *Armadillo Bail Bonds*, 802 S.W.2d at 240. Thus, the 45-day time frame provided for in subsection (b) is a constitutionally intolerable imposition on a court's power to enter a final judgment and a violation of separation of powers.

A portion of a legislative enactment, if declared unconstitutional, does not necessarily mean that the entire act is invalid:

> Invalidity of a part [of a legislative enactment] does not destroy the entire act, unless the valid part is so intermingled with all parts of the act so as to make it impossible to separate them, and so as to preclude the presumption that the legislature would have passed the act anyhow.

*Meshell*, 739 S.W.2d at 257 (quoting Tex.Jur.3d). The test is whether the provisions are "essentially and inseparably connected in substance." *Id.* While subsection (b) could be excised without changing the substance of subsection (a), its removal would render the notice provision unenforceable, particularly given the attorney general's limited role in

criminal cases.[2] As a result, Section 402.010 would not make sense without the enforcement mechanism provided for in subsection (b). *See id*. at 257-58 ("provision as a whole is rendered incapable of reasonable use" since legislature would not have passed entire provision without including enforcement mechanism).

III.

For the reasons stated, we hold that Section 402.010(a) and (b) constitute an unconstitutional violation of separation of powers.[3] We deny the State's motion for

---

[2]Absent the consent of a local prosecutor or the request of a district or county attorney for assistance, the attorney general has very limited authority to represent the state in criminal cases in trial courts, and even less in the courts of appeals and this Court. *See Saldano v. State*, 70 S.W.3d 873, 880-81 (Tex. Crim. App. 2002)(attorney general has no criminal prosecution authority, but is generally limited to representing the State in civil litigation); *see, e.g.*,TEX. PENAL CODE § 31.03(j) (with consent of local prosecutor, attorney general has concurrent jurisdiction to prosecute thefts involving state Medicaid program); TEX. PENAL CODE § 32.32 (with consent of local prosecutor, attorney general has concurrent jurisdiction to prosecute false statements made involving mortgage loans); TEX. PENAL CODE § 35A.02(f) (with consent of local prosecutor, attorney general has concurrent jurisdiction to prosecute offenses under Chapter 35A, Medicaid Fraud); TEX. PENAL CODE § 35.04 (attorney general may offer assistance to prosecutor in insurance fraud case and may prosecute or assist in such case on request of prosecutor); TEX. PENAL CODE § 39.015 (with consent of local prosecutor, attorney general has concurrent jurisdiction to prosecute offenses under Chapter 39, Abuse of Office). Thus, the attorney general is, with a few exceptions in Texas trial courts, not authorized to represent the State in criminal cases.

[3] We also note that subsection (a), standing alone, violates separation of powers because it attempts to impose a duty that falls outside of and is unrelated to any judicial functions and powers of this Court.

This Court has jurisdiction over direct appeals in capital cases, petitions for discretionary review, writs of habeas corpus and, in criminal law matters, writs of mandamus, procedendo, prohibition, and certiorari. TEX. CONST. Art. V, § 5. We also have certain powers and responsibilities to promulgate rules of evidence and rules of appellate procedure for criminal cases. *See Johnson v. State*, 84 S.W.3d 658, 668-69 & n.25 (Tex. Crim. App. 2002)(discussing recent history and scope of Court's authority to promulgate rules of evidence and appellate procedure). Legal proceedings before us involve claims presented by parties, and, depending upon the nature of the proceeding, variously call upon the Court to consider and review evidence,

rehearing on all grounds.

Delivered:     March 19, 2014
Publish

---

construe and apply laws, hear and decide legal issues, adjudicate rights, and enter final judgments. While the constitutionality of a state statute is frequently challenged by a party and is therefore among the legal issues facing this Court, the attorney general is typically not authorized to represent the State in any proceeding before this Court. *See* fn. 2, *supra.* The state prosecuting attorney has primary authority to represent the State in all proceedings before this Court. *See*, *e.g.*, *Saldano*, 70 S.W.3d at 877; *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001); *Aguirre v. State*, 22 S.W.3d 463, 465 (Tex. Crim. App. 1999).

The subsection (a) directive to notify the attorney general of every constitutional challenge to a state statute made by a party imposes a duty that is wholly unrelated to the Court's judicial powers and functions. Pursuant to this unusual provision, the legislature would have this Court exercise a function that is not only non-judicial but would operate solely for the apparent benefit of the attorney general. And to what extent the attorney general would benefit from receiving such a notice is elusive, given that the attorney general has no authority to appear in criminal cases before this Court. Indeed, the legislative history strongly suggests that the drafters of this provision either were unaware of the limited authority of the attorney general in criminal cases, or never intended it to apply to criminal cases at all. *Compare* HOUSE COMM. ON JUDICIARY & CIVIL JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 2425, 82nd Leg., R.S. (2011)(drafters sought to afford attorney general opportunity to "intervene and defend" in cases involving constitutional challenges to state statutes and also stated that the "goal" of the bill was "to improve the attorney general's ability to defend the state and to save the state the cost of an appeal"); STATE AFFAIRS, BILL ANALYSIS, Tex. H.B. 2425, 82nd Leg., R.S. (2011)("notice would allow the attorney general to be able to have the best opportunity to defend the state, while also saving the state money by avoiding an unnecessary appeal process") *with* fn. 2, *supra.*

Because Section 402.010(a) purports to burden this Court with undertaking a useless and non-judicial act by providing notice which would not further or relate to any of this Court's judicial functions or powers, it unduly interferes with and infringes upon our constitutionally assigned powers. *See Armadillo Bail Bonds*, 802 S.W.2d at 239 (separation of powers provision has "incidental effect of promoting effective government by assigning functions to the branches that are best suited to discharge them"); *cf. Scoggin v. State*, 38 S.W.2d 592 (Tex. Crim. App. 1931)(statute depriving officers of authority to arrest for speeding violations unless wearing specific uniform did not "legitimately affect the legality or fairness" of the arrest and was unwarranted interference in violation of separation of powers).