IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. PD-1560-12




EX PARTE JOHN CHRISTOPHER LO



ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY



           Per Curiam. Keller, P.J., filed a concurring opinion.

OPINION ON STATE’S MOTION FOR REHEARING

           
            On original submission, this Court held Section 33.021(b) of the Texas Penal Code
facially unconstitutional. The State has filed a motion for rehearing raising three grounds.
We deny all three grounds, but write to address solely the State’s first ground in which it
alleges that the Court erred by finding Penal Code Section 33.021(b) unconstitutional
without first providing notice to the attorney general pursuant to Section 402.010 of the
Texas Government Code.
 
           Section 402.010, as it pertains to this case, provides:
(a) In an action in which a party to the litigation files a petition,
motion, or other pleading challenging the constitutionality of a statute of
this state, the court shall, if the attorney general is not a party to or counsel
involved in the litigation, serve notice of the constitutional question and a
copy of the petition, motion, or other pleading that raises the challenge on
the attorney general either by certified or registered mail or electronically to
an e-mail address designated by the attorney general for the purposes of this
section. Notice under this section must identify the statute in question, state
the basis for the challenge, and specify the petition, motion, or other
pleading that raises the challenge.
 
(b) A court may not enter a final judgment holding a statute of this
state unconstitutional before the 45th day after the date notice required by
Subsection (a) is served on the attorney general.
 
(c) A court’s failure to file or serve notice as required by Subsection
(a) does not deprive the court of jurisdiction or forfeit an otherwise timely
filed claim or defense based on the challenge to the constitutionality of a
statute of this state.
 
(d) This section or the state’s intervention in litigation in response to
notice under this section does not constitute a waiver of sovereign
immunity.

Tex. Gov’t Code § 402.010 (Vernon 2011).


 Subsection (a) is triggered by the filing of a
“petition, motion, or other pleading.” Appellant’s petition for discretionary review was
filed in this Court on November 7, 2012, well after the effective date of the provision,
June 17, 2011.
           The State suggests that subsection (b) of Section 402.010 prevents this Court from
entering a final judgment in this case because we have not complied with the notice
requirement set forth in subsection (a) of 402.010. We hold that both subsections violate
the separation-of-powers doctrine of our state constitution.
I.
           The Texas Constitution includes an express separation-of-powers provision:
The powers of the Government of the State of Texas shall be divided into
three distinct departments, each of which shall be confided to a separate
body of magistracy, to wit: Those which are Legislative to one; those which
are Executive to another, and those which are Judicial to another; and no
person, or collection of persons, being of one of these departments, shall
exercise any power properly attached to either of the others, except in the
instances herein expressly permitted.

Tex. Const. Art. II, § 1. The “single, tersely phrased paragraph, provides that the
constitutional division of the government into three departments (Legislative, Executive
and Judicial) shall remain intact, ‘except in the instances herein expressly permitted.’”
Meshell v. State, 739 S.W.2d 246, 252 (Tex. Crim. App. 1987). This division ensures that
power granted one branch may be exercised by only that branch, to the exclusion of the
others. “The separation of powers doctrine therefore requires that ‘any attempt by one
department of government to interfere with the powers of another is null and void.’” Id.
(quoting Ex parte Giles, 502 S.W.2d 774, 780 (Tex. Crim. App. 1974)). Our state’s
express provision “reflects a belief on the part of those who drafted and adopted our state
constitution that one of the greatest threats to liberty is the accumulation of excessive
power in a single branch of government.” Armadillo Bail Bonds v. State, 802 S.W.2d 237,
239 (Tex. Crim. App. 1990); see also Langever v. Miller, 76 S.W.2d 1025, 1035 (Tex.
1934)(“So important is this division of governmental power that it was provided for in the
first section of the first article of the Constitution of the Republic of Texas, and alone it
constituted article 2 of each succeeding Constitution.”).
           We have viewed the Texas provision as generally susceptible to violation in one of
two ways:
(1) when one branch of government assumes or is delegated a power “more
properly attached” to another branch, or
 
(2) when one branch unduly interferes with another branch so that the other
branch cannot effectively exercise its constitutionally assigned powers.
 
Ex parte Gill, 413 S.W.3d 425, 431-32 (Tex. Crim. App. 2013); see also Armadillo Bail
Bonds, 802 S.W.2d at 239. Section 402.010 does not concern the assumption or
delegation of a power, but rather presents a question of undue interference.
           We examined interference by the legislature with the judicial branch in Armadillo
Bail Bonds v. State, in which we addressed whether a statute barring a trial court from
entering a bond-forfeiture judgment until eighteen months after the date of the forfeiture
in a felony case so usurped a judicial function that it violated separation of powers. We
began our analysis by examining the nature of judicial power, recognizing that “core
judicial power” embraces the power (1) to hear evidence; (2) to decide the issues; (3) to
decide the relevant questions of law; (4) to enter a final judgment on the facts and the
law; and (5) to execute the final judgment or sentence. Armadillo Bail Bonds, 802 S.W.2d
at 239-40. Because the provision at issue required the trial court to refrain from exercising
a part of its core powers (the power to enter a final judgment) for a period of a year and a
half, it unduly interfered with the judiciary’s effective exercise of its constitutional
powers. In State v. Matyastik, 811 S.W.2d 102 (Tex. Crim. App. 1991), the Court dealt
with a different subsection of the same statute at issue in Armadillo Bail Bonds,
specifically, the subsection barring a final judgment in a bail-bond forfeiture case until the
expiration of nine months after the date of the forfeiture in a misdemeanor case. Applying
the reasoning and holding from Armadillo Bail Bonds, the Court held that the provision
violated separation of powers as well. Id. at 104.
II.
           Section 402.010 also contains a provision purporting to suspend a court’s power to
enter a final judgment. Subsection (b) of 402.010 reads:
A court may not enter a final judgment holding a statute of this state
unconstitutional before the 45th day after the date notice required by
Subsection (a) is served on the attorney general.

This provision attempts to suspend a judgment of this Court, or any court, virtually
indefinitely, or until forty-five days after notice has been provided to the attorney general
in accordance with subsection (a).
           There are “spheres of activity so fundamental and so necessary to a court, so
inherent in its very nature as a court, that to divest it of its absolute command within these
spheres is to make meaningless the very phrase judicial power.” Armadillo Bail Bonds,
802 S.W.2d at 241 (quoting Coate v. Omholt, 662 P.2d 591 (Mont. 1983)). Requiring that
the court refrain from entering a final judgment for a year and a half in a felony case and
for nine months in a misdemeanor case, was such a divestiture. Id.; Matyastik, 811
S.W.2d at 104. Granted, eighteen-month and nine-month restrictions are considerably
longer than a 45-day restriction. But the potential length of the delay is not so much the
problem as the fact of the attempted interference at all. Entering a final judgment is a core
judicial power; it falls within that realm of judicial proceedings “so vital to the efficient
functioning of a court as to be beyond legislative power.” Armadillo Bail Bonds, 802
S.W.2d at 240. Thus, the 45-day time frame provided for in subsection (b) is a
constitutionally intolerable imposition on a court’s power to enter a final judgment and a
violation of separation of powers.
           A portion of a legislative enactment, if declared unconstitutional, does not
necessarily mean that the entire act is invalid:
Invalidity of a part [of a legislative enactment] does not destroy the entire
act, unless the valid part is so intermingled with all parts of the act so as to
make it impossible to separate them, and so as to preclude the presumption
that the legislature would have passed the act anyhow. 

Meshell, 739 S.W.2d at 257 (quoting Tex.Jur.3d). The test is whether the provisions are
“essentially and inseparably connected in substance.” Id. While subsection (b) could be
excised without changing the substance of subsection (a), its removal would render the
notice provision unenforceable, particularly given the attorney general’s limited role in
criminal cases.


 As a result, Section 402.010 would not make sense without the
enforcement mechanism provided for in subsection (b). See id. at 257-58 (“provision as a
whole is rendered incapable of reasonable use” since legislature would not have passed
entire provision without including enforcement mechanism).
                                                                     III.
           For the reasons stated, we hold that Section 402.010(a) and (b) constitute an
unconstitutional violation of separation of powers.


 We deny the State’s motion for
rehearing on all grounds.

Delivered:     March 19, 2014 
Publish